The STATE of Ohio, Appellee,

v.

VAN SICKLE, Appellant.

[Cite as *State v. Van Sickle* (1993), 90 Ohio App.3d 301.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-1633.

Decided Sept. 14, 1993.

*Michael Miller,* Franklin County Prosecuting Attorney, *Joyce Anderson* and *Susan E. Day,* Assistant Prosecuting Attorneys, for appellee.

*Samuel B. Weiner; Vivyan, Graeff, Rigg & Schneider* and *David J. Graeff,* for appellant.

WHITESIDE, Judge.

Defendant-appellant, Tracy Van Sickle, appeals from her conviction in the Franklin County Court of Common Pleas of murder and abuse of a corpse and raises two assignments of error, as follows:

1. "Where a motion to sever is based upon a prejudicial video exhibit, and the accused specifically requests that one charge be tried before the court, the trial court abuses its discretion in overruling a motion to sever."

2. "The verdict was against the manifest weight of the evidence."

At trial, defendant testified in her own defense and admitted that she shot the victim five times with her gun on September 2, 1991. Her affirmative defense was that she was a victim of the battered-woman's syndrome and the victim was the batterer. She also testified that she was afraid that her life and her family members' lives were in danger because the victim had threatened her, stating that, if anything happened to him, she and her family would be killed, so she did not want anyone to know that she had killed the victim. Several days later, on September 6, 1991, she wrapped the body in cloth, tied twine around it, took the body to a farm in Fairfield County and burned the body beyond recognition. The farmer found the body that afternoon and called the police. The police video-taped the scene and the body. Later, the police identified the victim by removing the epidermis layer of the fingers on the right hand and using fingerprint identification of the dermis layer of skin.

Defendant was indicted by the Franklin County Grand Jury on one count of aggravated murder, with a firearm specification. She was also indicted in count two for abuse of a corpse. Defendant made a pretrial motion requesting that the court sever the aggravated-murder count from the abuse-of-a-corpse count. Defendant requested that the aggravated-murder count be tried before a jury and the abuse-of-a-corpse count be tried before a judge with a jury trial waived. The motion was overruled. The two counts were tried together before a jury in the trial court. The jury found defendant not guilty of aggravated murder but guilty of murder and a firearm specification. The jury also found defendant guilty of abuse of a corpse. Defendant timely appealed to this court.

█ By her first assignment of error, defendant contends that the trial court abused its discretion in overruling the motion to sever. The motion to sever was based upon an allegedly prejudicial video exhibit and the accused's specific request to waive a jury trial on one charge and be tried by the court. Crim.R. 8(A) permits the joinder of offenses, as follows:

"Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

In *State v. Lott* (1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293, 298, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596, the Ohio Supreme

Court stated that multiple criminal offenses may be joined into a single trial under Crim.R. 8(A) "if the offenses charged 'are of the same or similar character,'" citing *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288. In the case at bar, the crimes are not of similar nature. The first charge involved aggravated murder, and the second involved abuse of a corpse. Although the victim was the same in each case, the offenses occurred four days apart. The videotape was gruesome and prejudicial to the defendant.

The accused may move to sever the charges under Crim.R. 14, which provides:

"*If* it appears that *a defendant* or the state *is prejudiced* by a joinder of offenses * * * or by such joinder for trial together of indictments * * * *the court shall* order an election or *separate trials* of counts, grant a severance of defendants, or provide such other relief as justice requires." (Emphasis added.)

The Ohio Supreme Court in the syllabus of *Torres, supra*, set forth that a defendant must demonstrate prejudice and an abuse of discretion in denying the severance, as follows:

"A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." See, also, *Lott, supra; State v. Roberts* (1980), 62 Ohio St.2d 170, 16 O.O.3d 201, 405 N.E.2d 247, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102; *State v. Thomas* (1980), 61 Ohio St.2d 223, 15 O.O.3d 234, 400 N.E.2d 401.

A prosecutor has two methods to negate a defendant's claim of prejudice. *Lott, supra*, 51 Ohio St.3d at 163, 555 N.E.2d at 298; *State v. Wiles* (1991), 59 Ohio St.3d 71, 77, 571 N.E.2d 97, 108, certiorari denied (1992), 506 U.S. ——, 113 S.Ct. 99, 121 L.Ed.2d 59. One method is use of the other-acts test, whether the evidence admissible as to one crime could have been introduced into evidence during the trial of the other crime at the separated trials under Evid.R. 404(B), which provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Here, the prosecution argues that the videotape was admissible to show that defendant intended to kill the victim, and the offenses were one continuous criminal act by the defendant. Additionally, the prosecution argues that the

concealment of the victim's body is a circumstance permitting an inference of guilty intent and may be considered in finding prior calculation and design.

Although the fact of concealment arguably would be admissible, not all evidence pertinent or admissible as relevant to the crime of abuse of a corpse is also admissible as to the crime of aggravated murder or murder. In this case, however, the videotape would not be admissible under the other-acts doctrine not only because of its gruesome nature and the fact that it may tend to inflame or prejudice the jury but, also, because it is not probative of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. As the Ohio Supreme Court has stated in *State v. Burson* (1974), 38 Ohio St.2d 157, 158, 67 O.O.2d 174, 175, 311 N.E.2d 526, 528:

"[E]vidence of other acts of a defendant is admissible *only* when it 'tends to show' one of the matters enumerated in the statute [R.C. 2945.59, motive, intent, the absence of mistake or accident, scheme, plan or system] and *only* when it is relevant to proof of guilt of the defendant of the offense in question." (Emphasis *sic*.) Citing *State v. Hector* (1969), 19 Ohio St.2d 167, 48 O.O.2d 199, 249 N.E.2d 912.

In this case, because of defendant's admissions, there was no issue as to motive, opportunity, intent, knowledge, identity or absence of mistake. Therefore, the videotape was not admissible as other-acts evidence upon the murder charge as to prior calculation and design (plan and preparation). The evidence of abuse of corpse tended to show lack of plan and preparation since it took defendant four days to devise a plan. Disposing of the corpse four days later is not probative of motive, opportunity, or intent with respect to the killing, nor is it probative of absence of mistake. Nor was the videotape probative of identity since the body was burned beyond recognition. Any minimal probative value of the videotape in the murder case is outweighed by its prejudicial effect. The videotape could not have been admitted to prove aggravated murder. See Evid.R. 403(A).[1] The Ohio Supreme Court has stated in *State v. Morales* (1987), 32 Ohio St.3d 252, 257, 513 N.E.2d 267, 273, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 871, that "a trial court may reject an otherwise admissible photograph which, because of its inflammatory nature, creates a danger of prejudicial impact that substantially outweighs the probative value of the photograph as evidence." Thus, here the prejudice was great and the probative value, if any, was minimal since the disgusting, sickening and gruesome details and close-up views of the

---

1. Evid.R. 403(A) provides:

   "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

burned body depicted in the videotape are not relevant to the aggravated-murder charge, but may be to the abuse-of-a-corpse charge.[2]

Although there was some suggestion that the showing of the videotape was appropriate because it showed the wrappings which tied the murder to defendant, not only are the wrappings not easily distinguishable in the videotape, but there was nothing that would permit the burned wrappings to be tied to anything without testimony as to their nature as compared with material available to defendant.

Since the videotape was not admissible as other-acts evidence, defendant's claim of prejudice cannot be rebutted on that basis. Rather, the prejudice is enhanced by the inflammatory nature of the views which could serve no purpose in the murder charge other than to prejudice the jury against defendant as to her confession and her battered-woman affirmative defense, which was essentially the only significant issue since she testified and admitted killing the victim using a gun and then disposing of the corpse four days later.

■ The second contention a prosecutor may make to negate a claim of prejudice is the joinder test. Under this test, the state is not required to meet the stricter other-acts admissibility test but is only required to demonstrate that evidence of each crime joined is "simple and direct." *Lott, supra,* 51 Ohio St.3d at 163, 555 N.E.2d at 298, citing *Roberts, supra,* 62 Ohio St.2d at 175, 16 O.O.3d at 204, 405 N.E.2d at 251, and *Torres, supra,* 66 Ohio St.2d at 344, 20 O.O.3d at 315, 421 N.E.2d at 1291. The object of simple and direct evidence is to prevent the trier of fact from confusing the offenses or from improperly cumulating evidence of various crimes. *Lott,* 51 Ohio St.3d at 163–164, 555 N.E.2d at 298– 299; *Roberts,* 62 Ohio St.2d at 175, 16 O.O.3d at 204, 405 N.E.2d at 251. This test "focuses on whether the trier of fact is likely to consider 'evidence of one [offense] as corroborative of the other.'" *Wiles, supra,* 59 Ohio St.3d at 77, 571 N.E.2d at 108, citing *Dunaway v. United States* (C.A.D.C.1953), 205 F.2d 23, 27.

In this case, the evidence was not "simple and direct," and it is not improbable that the jury confused the offenses, cumulated the evidence and considered the evidence of abuse of a corpse as corroborative of the aggravated-murder offense. The prosecutor's argument both in the trial court and on appeal intertwines the evidence of the two offenses as if they were one continuous act. This undermines the battered-woman-syndrome defense since it is difficult to find a basis for

---

**2.** Portions of the videotape may be admissible in the abuse-of-a-corpse trial; however, the portion shown here was gruesome and disgusting because of the close-up angles. Other portions of the videotape could have been shown to present evidence of the general appearance of the corpse burned beyond recognition, rather than the portion shown, which includes close-ups of portions of the corpse and is sickening, disgusting, gruesome and revolting.

applying it to the abuse-of-a-corpse charge. This second offense occurred four days later in an effort to avoid detection and could not have been part of preparation or a plan for commission of the murder. Furthermore, defendant's description, if believed, of the abuse she suffered from the victim over a prolonged period of time could lead reasonable minds to conclude only that defendant was a battered woman. Since her credibility was essential to her defense, the prejudice created by the admission of the videotape could not have failed to affect the jury.

■ Since the prosecutor has not rebutted defendant's demonstrated prejudice, the videotape should not have been admitted in the trial upon the aggravated-murder charge. In addition to its prejudicial effect, it should have been excluded under Evid.R. 402, which excludes all irrelevant evidence.[3] The evidence which related to the concealment of the body may be relevant to the aggravated-murder charge; however, the videotape of the burned body, including its gruesome details, is not relevant. That evidence is not necessary evidence to the aggravated-murder charge, but may be appropriate to the abuse-of-a-corpse charge. For that reason, the trial court abused its discretion in not severing the charges and conducting separate trials of the two indictments.

■■ Another compelling reason for granting defendant's motion to sever is that defendant waived her right to a jury trial in the abuse-of-a-corpse charge. R.C. 2945.05 confers a right upon defendants in criminal cases to waive a jury trial, as follows: "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury." The Ohio Supreme Court has held in *State v. Smith* (1931), 123 Ohio St. 237, 174 N.E. 768, paragraph two of the syllabus, that a trial court does not have the power to reject a defendant's waiver of the right to a trial by jury:

"Upon the arraignment and plea of an accused, the provisions of Sections 13442–4 and 13442–5, General Code (113 O.L., 179) [now R.C. 2945.05], giving him the right to waive a jury and an election to be tried by the court, are mandatory; and the court has no power to reject the accused's waiver, unless suggestion of his present insanity is made by counsel for the accused or unless it otherwise comes to the notice of the court that the accused is not then sane * * *."

Thus, the trial court cannot reject a defendant's waiver of the right to a jury trial.

Since defendant desired to waive a jury trial on the charge of abuse of a corpse, the denial of the motion to sever deprived defendant of her statutory right to waive a jury trial on that charge since she desired a jury trial on the aggravated-

---

3. Evid.R. 402 provides that "[e]vidence which is not relevant is not admissible."

murder charge and to present her battered-woman-syndrome defense on that charge. This deprivation of the statutory right constitutes prejudice under Crim.R. 14 requiring the trial court to grant severance.

A similar issue was raised, but not determined, by the Cuyahoga County Court of Appeals in *State v. Kidd* (Apr. 24, 1986), Cuyahoga App. No. 47510, unreported, 1986 WL 5023, since the court applied R.C. 2941.142 and held that, under that statute (not applicable here), the trial court had no discretion to refuse the defendant's request, but found the error harmless.

■ The error in this case is not harmless. Rather, as we indicated above, the prejudice is manifest[4] and an abuse of discretion in overruling the motion to sever the two charges for trial because of the "revolting, disgusting, gruesome and inflammatory" nature of the videotape shown to the jury. The first assignment of error is well taken.

■ By her second assignment of error, defendant contends that the verdict was against the manifest weight of the evidence. The standard for determining whether a judgment in a criminal case is against the manifest weight of the evidence has been set forth by the Ohio Supreme Court in *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph two of the syllabus as follows:

"A reviewing court may not reverse a judgment of conviction in a criminal case in a trial court, where the record shows that a verdict of guilty was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court." See, also, *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

The evidence in this case was such that the jury could have either convicted her or acquitted her based upon the battered-woman-syndrome defense. The credibility of witnesses and the weight to be given their testimony are primarily questions for the jury. *DeHass, supra,* paragraph one of the syllabus. Whether the jury would have convicted defendant of the murder count without the evidence related to the abuse of a corpse is questionable. However, including that inadmissible evidence, the conviction is supported by the evidence. By our disposition of the first assignment of error, we are remanding the cause for new trials. The basic issue is defendant's credibility in considering her affirmative defense. The second assignment of error is not well taken.

For the foregoing reasons, defendant's first assignment of error is sustained, the second assignment of error is overruled, the judgment of the Franklin County

---

4. The question of whether the prosecution could have obviated the prejudice by agreeing not to show the videotape to the jury is not before us since it did not occur.

Court of Common Pleas is reversed, and this cause is remanded to that court for new separated trials on the two indictments in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

BOWMAN and JOHN C. YOUNG, JJ., concur.