[Cite as *State v. McGuire*, 2020-Ohio-3108.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 0085 |
| | : | |
| SHAWN L. MCGUIRE | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 18 CR 00775

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      May 26, 2020

APPEARANCES:

For Plaintiff-Appellant:                 For Defendant-Appellee:

Paula M. Sawyer                          William T. Cramer
20 South Second Street, 4th Floor        470 Olde Worthington Road, Suite 200
Newark, Ohio 43055                       Westerville, Ohio 43082

*Delaney, J.*

{¶1}   Plaintiff-Appellant State of Ohio appeals the August 21, 2019 judgment entry of the Licking County Court of Common Pleas, which granted a motion for new trial in favor of Defendant-Appellee Shawn L. McGuire.

## FACTS AND PROCEDURAL HISTORY

{¶2}   McGuire was indicted on November 1, 2018, for Aggravated Possession of Drugs, R.C. 2925.11(A)(C)(1)(c), a second degree felony (Count One); Aggravated Trafficking in Drugs, R.C. 2925.03(A)(2)(C)(1)(d), a second degree felony (Count Two) and Having Weapons While Under Disability, R.C. 2923.13(A)(2), a third degree felony (Count Three), along with forfeiture specifications for U.S. currency and a firearm.

{¶3}   The facts underlying McGuire's indictment are not pertinent to this appeal.

{¶4}   On November 6, 2018, McGuire entered a plea of not guilty and was appointed counsel. After various continuances, the matter was set for trial on July 23, 2019.  Prior to prospective jurors being brought into the courtroom, defense counsel made an oral request to waive McGuire's right to have the jury determine the Weapons Under Disability charge.  McGuire had a prior conviction for involuntary manslaughter which was the underlying conviction for Count Three.   No written waiver of the right to jury was presented to the trial court.  The State objected because it would be unduly burdensome to recall multiple witnesses in order to present the evidence relevant to Count Three. McGuire refused to stipulate to the prior conviction.  The trial court overruled defense counsel's oral waiver request and agreed to give a limiting instruction to the jury that the conviction was only for purposes of the weapons charge and not for any other reason.

{¶5}   The jury found McGuire guilty as charged.

{¶6}  On August 7, 2019, McGuire filed a Crim. R. 33 motion for new trial and Crim. R. 29(C) motion for judgment of acquittal.  The State opposed the motion.

{¶7}  On August 21, 2019, the trial court granted McGuire's motion for a new trial pursuant to Crim. R. 33(A)(5), finding it was in error to deny the oral request to waive trial by jury as to the Weapons Under Disability charge. The trial court cited *State v. Van Sickle,* 90 Ohio App. 3d 301, 629 N.E.2d 39 (10th Dist.1993), for the proposition that a defendant has the right to waive a jury and elect to have counts tried to the court. The trial court denied as moot the motion for judgment of acquittal.

{¶8}  The State appeals and sets forth a single assignment of error:

**ASSIGNMENT OF ERROR**

{¶9}  "THE  TRIAL  COURT  ERRED  IN  GRANTING  THE APPELLEE/DEFENDANT'S MOTION FOR NEW TRIAL."

**ANALYSIS**

{¶10} Crim. R. 33(B)(5) provides, in part, that the trial court may grant a new trial based upon "error of law occurring at trial".

{¶11} Generally, a motion for a new trial pursuant to Crim. R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St. 3d 71, 564 N.E.2d 54 (1990).  However, when a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law. *Wright v. Suzuki Motor Corp.,* 4th Dist. Meigs No. 3-CA-2, 2005-Ohio-3494, ¶127.

{¶12} In this case, the trial court granted a motion for new trial under Crim. R. 33(A) (5): "error of law occurring at trial."  Therefore, our standard of review is de novo.

{¶13} The question presented in this appeal is whether an error of law occurred when the trial court denied McGuire's oral motion to waive jury with respect to Count 3, Weapons Under Disability, before commencement of trial.  If the trial court erred in denying the oral motion, then the trial court properly granted the motion for new trial.  We find, though, that the trial court properly denied the oral motion to waive trial by jury as to Count 3, therefore there was no error of law, and ultimately the trial court should not have sustained the motion for new trial.

{¶14} The State points out that McGuire never filed a written waiver of a jury trial, therefore the trial properly denied the oral motion to waive jury as to Count 3. The Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a jury trial.

{¶15} Crim R. 23 (A) states: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney."

{¶16} The General Assembly has prescribed the manner in which a defendant may waive this right in R.C. 2945.05, which states:

> "In all criminal cases pending in courts of record in this state,
> the defendant may waive a trial by jury and be tried by the court
> without a jury. Such a waiver by a defendant, shall be in writing,

signed by the defendant, and filed in said cause and made a part of

the record thereof. * * *".

{¶17} For a jury waiver to be valid, it must be: (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax,* 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 7. Trial courts must strictly comply with these five requirements. *See*, *id.* at ¶ 41; *State v. Pless*, 74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766 (1996), paragraph one of the syllabus (holding that the jury-waiver requirements in R.C. 2945.05 must be strictly observed).

{¶18} The purpose of the written waiver is to ensure that the defendant's waiver is intelligent, knowing and voluntary. *State v. Sweeting*, 1st Dist. Hamilton No. C-180161, 2019-Ohio-2360, ¶ 16 (citations omitted).

{¶19} After reviewing the record, we find that the jury waiver requirements were not satisfied in this case. McGuire did not read, sign, or submit a written jury waiver to the court. Strict compliance with R.C. 2945.05 requires a written waiver signed by the defendant. Therefore, the trial court was correct in denying McGuire's oral request and no error of law occurred.

{¶20} The trial court's reliance upon *State v. Van Sickle,* supra, was misplaced. 90 Ohio App.3d 301, 629 N.E.2d 39 (10th Dist.1993). In *Van Sickle*, the defendant filed a pre-trial motion to sever an aggravated-murder charge and an abuse-of-a-corpse charge. Defendant requested that the aggravated-murder count be tried before a jury and the abuse-of-a-corpse count be tried before a judge with a specific written request to waive jury trial on that charge. The motion was overruled. The two counts were tried together before a jury in the trial court. The jury found defendant not guilty of aggravated

murder but guilty of murder and a firearm specification. The jury also found defendant guilty of abuse of corpse. Defendant appealed and assigned as error the trial court abused in discretion in overruling the motion to sever.

{¶21} The Tenth District Court of Appeals found the trial court's overruling of the motion to sever was in error due to the prejudicial nature of evidence (a video) which would not have been admissible in the murder case and separate trials were warranted under Crim. R. 14. *Id.,* at 309. The court further found that since the defendant desired to waive a jury trial on the charge of abuse of a corpse, the denial of the motion to sever deprived of her statutory right to waive a jury trial on that charge. *Id.* However, there was no discussion or analysis of the mandatory requirements of either R.C. 2945.05 or Crim. R. 23.

{¶22} Consequently, we find *Van Sickle* is not determinative of the outcome of this case.

**CONCLUSION**

{¶23} For the foregoing reasons, we conclude that McGuire did not waive his right to a jury trial as prescribed by R.C. 2945.05 and Crim.R. 23 (A), and consequently, the trial court committed no legal error in overruling McGuire's oral request. Accordingly, we sustain the assignment of error and reverse the judgment of the trial granting the motion for new trial pursuant to Crim. R. 33 (A)(5).  This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.

By:  Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.