THE STATE OF OHIO, APPELLEE, *v.*
HARVILL, APPELLANT.

(No. C-830437—Decided
February 29, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Ms. Debra A. LaMorte,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

This timely appeal arises for review from proceedings in the trial court wherein the trial court denied appellant's motion to suppress his confession and a subsequent jury trial resulted in convictions of aggravated murder in violation of R.C. 2903.01 and aggravated robbery in violation of R.C. 2911.01. Appellant was sentenced to life imprisonment on the murder charge to be served consecutively with seven to twenty-five years on the aggravated robbery charge, both to run consecutively to sentences imposed on prior aggravated murder and aggravated robbery convictions.

The record reveals that appellant, in concert with co-defendants Michael Smith and Willie Jackson, administered a brutal and fatal beating upon the person of Charles Courtney to effect the theft of his money. Courtney was a retarded group home resident who walked about the neighborhood park area where the attack occurred. The killing went unsolved, without leads, for nearly a year until co-defendant Jackson's girlfriend and appellant's brother made statements to police implicating the three co-defendants.

Appellant's initial assignment of error alleges the trial court erred in admitting into evidence appellant's involuntary confession. Appellant argues under this assignment that because the interrogating police officer told appellant that co-defendant Jackson had made a statement implicating appellant, when in fact no such statement had been made, the subsequent confession of appellant is involuntary and inadmissible. This issue is disposed of on the authority of *State* v. *Mandrbah* (Feb. 10, 1982), Hamilton App. No. C-810135, unreported, wherein this court, at page 5, stated:

"While the officer's deceit no doubt aided in prompting appellant's decision to make a clean breast of things, we cannot agree with appellant that his will to remain silent was so overborne as to

vitiate the trustworthiness of his inculpatory statement. *Frazier* v. *Cupp* (1969), 394 U.S. 731, 89 S. Ct. 1420; *State* v. *Melchior* (1978), 56 Ohio St. 2d 15 [10 O.O.3d 8], 381 N.E.2d 195. See also *Carder* v. *Maxwell* (D.C. Ohio 1969), 298 F. Supp. 1056; *State* v. *Black* (1976), 48 Ohio St. 2d 262 [2 O.O.3d 422], 358 N.E.2d 551. The trial court therefore did not err in denying appellant's motion to suppress the inculpatory statement. * * *"

In *Mandrbah, supra,* the investigating officer told the defendant that he had been positively identified in a lineup, when in fact that was not true. The deceit practiced in the matter *sub judice* is the same quality and in the same general context as in *Mandrbah, supra,* and we cannot conclude that the interrogating officer's tactics in the instant case were such as to undermine appellant's decision to speak voluntarily and without coercion, in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. Our conclusion is underscored by the fact that appellant was told truthfully that Jackson's girlfriend had made an implicating statement and that appellant's brother had also made a taped statement implicating appellant, which was played for and heard by appellant prior to his confession. We find no merit in appellant's argument on this issue.

Appellant further contends under this first assignment of error that he was coerced into giving his statement by threats of prosecution upon parole from previously imposed current sentences, and by promises of no additional sentence if convicted of the offenses *sub judice*. The threats and promises articulated by appellant were denied by the police officers. These matters were thus reduced to a question of credibility, which the trial court determined against appellant. The record discloses the requisite evidentiary standard for such determination under the authority of

*State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366], and *State* v. *Antill* (1964), 176 Ohio St. 61 [26 O.O.2d 366].

It is noted that appellant acknowledged and recorded the fact that he was given the proper warnings required by *Miranda* v. *Arizona* (1966), 384 U.S. 436; that they were explained to him and that he understood them; and that he waived his rights but refused to sign the waiver of rights form. He thereafter made his statement. Finding no merit in appellant's contentions under this assignment, we find his confession to have been voluntary and properly admitted in the trial court under all considerations, including the voluntariness test of the "totality of the circumstances," as set forth in *State* v. *Edwards* (1976), 49 Ohio St. 2d 31 [3 O.O.3d 18], vacated in part and remanded on other grounds (1978), 438 U.S. 911. Appellant's first assignment of error is overruled.

Appellant's second assignment of error states:

"The trial court erred in permitting, over objection, evidence of a subsequent similar crime for which defendant was incarcerated at the time of the investigation, indictment, and trial in the present case."

The trial court admitted evidence that appellant and co-defendant Jackson had committed the aggravated robbery and aggravated murder of Alex Shores approximately three months after the death of Charles Courtney. The trial court gave the proper limiting instruction to the jury that such evidence was to be considered only within the limited perimeters of R.C. 2945.59 which reads:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in

doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

Appellant does not argue that the prosecution's use of so-called same or similar acts evidence in the state's case-in-chief was to demonstrate appellant's character or to impeach him, which are generally prohibited under our fact situation. Appellant agrees that such evidence is admissible where material to show motive, intent or absence of mistake or accident on the defendant's part. Appellant further agrees that such evidence is admissible to show the defendant's scheme, plan or system in doing the act. Appellant argues that appellant did not put his intent in issue and that the three-month interval between offenses renders the evidence irrelevant. We do not agree. The appellant certainly put intent in issue as an element of both the charged crimes by his plea of not guilty. We are unaware of any precedent that specifically cites three months between acts as spatially unreasonable and thus irrelevant, and appellant has not provided such authority. We cite *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124 [60 O.O.2d 95], to demonstrate a two-month permissible time interval and here state the first paragraph of the syllabus:

"In the trial of a defendant on two counts of first degree murder arising out [*sic*] a single death, one count alleging premeditation and one count alleging a killing while perpetrating robbery, where the evidence shows that the accused was the gunman and had two accomplices, other evidence that he participated in two other armed robberies as gunman with the same two accomplices, one such incident being approximately two months earlier and another being two days after the crime charged, in which later robbery the accused killed another man, tends to show

intent on the part of the accused to rob and intent to kill, and is admissible, with proper limiting instructions, for those purposes, irrespective of whether the other circumstances involved in those other acts comprise substantial probative evidence that the accused participated in the crime for which he is standing trial."

We determine that a three-month interval between acts does not render the evidence of same or similar acts irrelevant under R.C. 2945.59. We further hold that defendant's actions in the Alex Shores murder are relevant to the issue of intent to kill Charles Courtney. See *State* v. *Greer* (1981), 66 Ohio St. 2d 139 [20 O.O.3d 157]; *State* v. *Gardner* (1979), 59 Ohio St. 2d 14 [13 O.O.3d 8]; *State* v. *Moorehead* (1970), 24 Ohio St. 2d 166 [53 O.O.2d 279], vacated in part and remanded on other grounds (1972), 408 U.S. 938; *Beckman* v. *State* (1930), 122 Ohio St. 443.

Regarding the matter of identity as being admissible "scheme, plan, or system" evidence, the Ohio Supreme Court in *State* v. *Curry* (1975), 43 Ohio St. 2d 66 [72 O.O.2d 37], stated at 73:

"Identity of the perpetrator of a crime is the second factual situation in which 'scheme, plan or system' evidence is admissible. One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes. * * *"

In the matter *sub judice*, identity was a material issue as appellant pleaded not guilty, thus registering a denial of his participation in the offense. The similarities in the commission of the Courtney and Shores offenses are not strained or exaggerated: both the victims were weak older men; the attack

motive as to each was robbery, and each attack occurred during evening hours; the two attacks were in the same area, within a three-block radius; the two victims were beaten to death, suffering multiple injuries to the head, face, and upper body; both victims suffered inner skull injuries; both victims suffered kicking or stepping injuries; and finally, co-defendants Harvill and Jackson were implicated in each incident. We conclude that the same or similar acts evidence concerning the Shores robbery and murder was relevant and material to establish the identity of appellant as the perpetrator of the robbery and murder of Courtney, and was properly admitted within the ambit of R.C. 2945.59. Appellant's second assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

PALMER, P.J., BLACK and DOAN, JJ., concur.