OPINION
Defendant-appellant, Laruier Ames, appeals his conviction in the Butler County Common Pleas Court for two counts of gross sexual imposition.
During the summer months of 1998, appellant would walk to his place of work in Middletown, Butler County, Ohio, passing by the house where the victim's baby-sitter lived. When the victim, Abby,[1] then six years of age, was staying with her baby-sitter, appellant would occasionally play basketball with Abby and the baby-sitter's ten-year-old grandson.
On one occasion when Abby and appellant were playing basketball alone, appellant sat down with Abby on the steps of the house and poked his finger in her vagina over her underwear. Moments later, appellant took the child down into the basement, laid on his back, pulled Abby on top of him and held her back as he moved his pelvic area up and down. The child told him to stop, but he stated that he was "not done yet." These incidents occurred in the summer, or when the weather was warm enough for the victim to be wearing a skort and tee-shirt, and before October 25, 1998.
On October 25, 1998, Abby told the baby-sitter's grandson about the incident and they then told the baby-sitter. The baby-sitter notified Abby's mother and the police were contacted. A referral was made to Butler County Children's Services Board and Dr. Sherry Baker performed a psychological evaluation of Abby. Charges were filed against appellant and the case was tried to a jury. The jury convicted appellant of two counts of gross sexual imposition in violation of R.C. 2907.05, felonies of the third degree, and appellant was sentenced accordingly. The trial court held a sexual predator hearing and found appellant to be a sexual predator. This appeal followed. Appellant raises seven assignments of error.
 Assignment of Error No. 1: THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT IMPROPERLY ADMITTED EVIDENCE REGARDING ALLEGATIONS OF PRIOR BAD ACTS OF DEFENDANT-APPELLANT.
The trial court admitted evidence concerning appellant's prior acts with another female juvenile, "P.A." Appellant argues that this "other act" evidence was not admissible because it did not demonstrate, by substantial proof, his identity, plan, scheme, or system, and was not inextricably related to the crime so as to form part of the immediate background of the actus reus.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Robb (2000), 88 Ohio St.3d 59,68, quoting State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence. State v. Martin (1985), 19 Ohio St.3d 122, 129. State v.Hymore (1967), 9 Ohio St.2d 122, 128. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Statev. Wolons (1989), 44 Ohio St.3d 64, 68.
The statute pertaining to gross sexual imposition, R.C. 2907.05, states that sexual activity of the defendant may be admissible against the defendant under section 2945.59 of the Revised Code to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. R.C. 2907.05(D).
R.C. 2945.59 provides: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." The issue of identity, although not listed in the statute, has been held to be included within the concept of scheme, plan or system. State v. Broom (1988), 40 Ohio St.3d 277, 281.
Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B) is in accord with R.C. 2945.59. Id.
Appellant objects to the testimony of P.A., now a ten-year-old girl, and P.A.'s father. They testified about an incident that occurred between appellant and P.A. in 1995. P.A. testified that appellant was a friend of her father. She stated that appellant took her to a back room in her house, lay down and had her lay down on top of him. She testified that appellant put his hands in the back of her pants and pushed her up and down and rocked to the side. Appellant denied the allegations when confronted by P.A.'s father, telling the father that "all children lie at some time or another."
The trial court stated on the record that it was admitting the testimony of P.A. and her father as "relevant 404(B) testimony." The trial court noted that there were geographical similarities and that P.A. was very similar in age, size and sex to Abby and, like Abby, was a friend of appellant. The trial court noted, "and most importantly, the, the signature conduct of placing the, the victims on top of him and rocking `em back and forth and holding `em down is just — I think just absolutely relevant as 40-404(B) testimony. And the court, of course, is going to give a relevant limiting [sic] or a limiting instruction at the appropriate time. Okay?" The trial court gave a limiting instruction to the jury after P.A.'s testimony and again during the reading of the instructions to the jury before deliberations.
Under R.C. 2945.59, evidence may be admissible to provide appellant's scheme, plan, or system in doing the act. Likewise, under Evid.R. 404(B), other acts may be introduced to establish the identity of a perpetrator by showing that he committed similar crimes and that a distinct, identifiable scheme, plan or system was used in the commission of the charged offense. State v. Smith (1990), 49 Ohio St.3d 137, 141.
Such modus operandi evidence is admissible not because it labels the defendant as a criminal, but because it provides a "behavioral fingerprint" which, when compared to the behavior associated with the crime in question, can be used to identify the defendant as the perpetrator. State v. Lowe (1994), 69 Ohio St.3d 527, 531. While the other acts need not be the same as or similar to the crime charged, the acts should show a modus operandi identifiable with the defendant. Id. The identity of the perpetrator was also at issue in this case because appellant pleaded not guilty to the charges, thus registering a denial of his participation in the offense. State v. Harvill (1984),15 Ohio App.3d 94, 96; State v. Allen (Feb. 2, 1996), Lorain App. No. 94CA005944, unreported.
As discussed above, the trial court found that appellant's scheme, plan or system in doing the act was material. The trial court also found that the prior acts with P.A. were sufficiently similar to show appellant's scheme, plan or system, and his identity as the perpetrator of acts upon Abby. As the trial court noted, appellant befriended both P.A. and Abby, who were females around six years of age at the time of the incidents. The trial court took specific notice of the similar manner in which appellant committed the touching acts on both girls. The acts were identifiable conduct of appellant as described by both girls.
The trial court gave limiting instructions to the jury on two separate occasions concerning the limited purpose for which this evidence could be received. A jury is presumed to follow the instructions given to it by the trial judge, and to obey curative instructions. State v. Loza
(1994), 71 Ohio St.3d 61, 79; State v. Franklin (1991), 62 Ohio St.3d 118,127. The trial court did not abuse its discretion by admitting the other acts evidence. The first assignment of error is overruled.
 Assignment of Error No. 2: THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY EVIDENCE OVER THE OBJECTIONS OF TRIAL COUNSEL FOR DEFENDANT UNDER THE "MEDICAL DIAGNOSIS AND TREATMENT" EXCEPTION.
Appellant argues that statements made during a psychological examination are only admissible when the purpose of the psychological examination is the diagnosis and treatment of the victim and not the gathering of evidence against the accused. Appellant contends that the trial court erred by admitting certain testimony by Dr. Baker, the psychologist who evaluated Abby. Dr. Baker testified as to statements made by Abby during the course of the evaluation.
Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally not admissible in evidence unless the evidence meets one of the recognized exceptions to the hearsay rule. Evid.R. 802.
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
Evid.R. 803(4). This rule has been interpreted to include diagnosis or treatment related not only to physical injuries, but also to psychological injuries. See State v. Chappell (1994), 97 Ohio App.3d 515,530-31 (admission of statements re diagnosis and treatment not limited to licensed physicians, as such a narrow holding undercuts the function of nurses, psychiatrists, therapists, and various individuals who treat victims of sexual abuse).
This court has held that Evid.R. 803(4) does not limit statements for purposes of medical treatment or diagnosis to physical ailments or conditions. State v. Short (July 6, 1992), Butler App. No. CA91-04-066, unreported, at 5. We have stated that statements made during the course of a psychological examination are admissible to the same extent as statements made to a treating physician, provided that the purpose of the psychological examination is the diagnosis and treatment of the victim's psychological condition, rather than gathering evidence against the accused. State v. Vaughn (1995), 106 Ohio App.3d 775, 780.
In the instant case, Dr. Baker testified that the purpose of her evaluation of Abby was "to assess the child to determine a diagnosis and what treatment she might need as a result of, of [sic] either the experiences or whatever generated the allegations."
Dr. Baker testified that she performed a developmental test on Abby to assess her developmental level. Dr. Baker testified that she drew a stick figure and had Abby name different body parts and also had Abby tell her the names Abby used to identify private parts of the body. Dr. Baker testified that she discussed different kinds of touches with Abby and after "touching trouble" was reviewed, asked Abby if she had ever been touched in her private areas in a way Abby did not think was right. Dr. Baker proceeded to testify about the statements made by Abby during the evaluation, and such statements described the incident with appellant at issue here.
The trial court should consider the circumstances surrounding the making of a hearsay statement, and those factors will vary, depending on the facts of each case. State v. Dever (1992), 64 Ohio St.3d 401, 444. The trial court may consider whether the child's statement was in response to a suggestive or leading question, or any other factor affecting the reliability of the statements, such as a bitter custody battle. Id.
Dr. Baker's testimony was preserved by way of videotape deposition and the trial judge omitted portions of the videotape he thought were inadmissible. The trial court stated that it was admitting Dr. Baker's testimony about Abby's description of the incident in question because it was the story that Dr. Baker considered in reaching her diagnosis.
The trial court has broad discretion to determine whether a declaration should be admissible as a hearsay exception. Id. This court cannot say that the trial court abused its discretion by admitting the testimony of Dr. Baker under the medical diagnosis exception. The second assignment of error is overruled.
 Assignment of Error No. 3: THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY EVIDENCE OVER THE OBJECTIONS OF TRIAL COUNSEL FOR DEFENDANT UNDER THE "EXCITED UTTERANCE" EXCEPTION.
Appellant asserts that statements are admissible as "excited utterances" only when the proponent demonstrates that the declaration was made before the declarant had time for the nervous excitement to no longer dominate the declarant and where such statements are completely nonreflective. Appellant contends that the trial court should not have admitted Abby's statements to her mother as "excited utterances" because of the passage of time between the startling event and the time the statements were made.
Evid.R. 803(2) allows certain hearsay statements to be introduced at trial as "excited utterances" if certain conditions are met. State v.Duncan (1978), 53 Ohio St.2d 215, paragraph one of the syllabus. First, there must be a startling event that produces a nervous excitement in the declarant, which stills reflective capabilities. Id. Second, if the statement is not made contemporaneously with the startling event, then the statement must have been made while declarant was still in a nervous state without the opportunity to reflect on the startling event. Id. Third, the statement must be related to the startling event. Id. Finally, the declarant must have the opportunity to personally observe the matters asserted in the statement. Id.
A reviewing court should give the trial court wide discretion when the trial court decides that statements made by a child-victim about sexually abusive acts qualify as excited utterances. State v. Ashcraft (Sept. 28, 1998), Butler App. No. CA97-11-217, unreported, at 12, citing State v.Wagner (1986), 30 Ohio App.3d 261. Children are likely to remain in a state of nervous excitement longer than adults would and are less capable of reflective thought. State v. Taylor (1993), 66 Ohio St.3d 295, 304. The controlling factor is whether the declarant made the statement under circumstances that would reasonably show that it resulted from impulse rather than reason and reflection. State v. Smith (1986),34 Ohio App.3d 180, 190.
Abby's mother was permitted to testify about the statements Abby made on October 25, 1998 concerning the incident with appellant. Although the actual date of the incident could not be identified, testimony of different individuals narrowed the time frame to within approximately two months of the October 25th date. After Abby's mother was notified by the baby-sitter about what had occurred, she (Abby's mother) asked Abby why she had not told her. While Abby was talking about the incident involving appellant with her mother, Abby's mother testified that Abby began to cry, hyperventilate, perspire and shake as she related what had happened.
The trial court stated on the record that it was relying upon In reMichael (1997), 119 Ohio App.3d 112, in making its determination that Abby's statements to her mother fell within the excited utterance exception to the hearsay rule. In re Michael involved a time delay of two weeks between the time of the incident and the statements made. In reMichael cited additional cases that approved admission of excited utterances. Those cases involved a seven month delay from incident to statements, State v. List (May 1, 1996), Summit App. No. 17295, unreported, and a four-to-six week delay. State v. Stipek (Mar. 30, 1995), Belmont App. No. 92-B-59.
The decision of the trial judge determining whether or not a declaration should be admissible under the spontaneous exclamations exception to the hearsay rule should be sustained where such decision appears to be a reasonable one, even though the reviewing court, if sitting as a trial court, would have made a different decision. Potterv. Baker (1955), 162 Ohio St. 488, 500. Upon review of the record, it is clear that the trial court considered the elements of time, nervous excitement and nonreflection. The trial court's decision to admit the statements to the mother under the excited utterance exception was not unreasonable, arbitrary or unconscionable. The third assignment of error is overruled.
 Assignment of Error No. 4: THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY EVIDENCE OVER THE OBJECTIONS OF TRIAL COUNSEL FOR DEFENDANT.
Appellant argues that certain hearsay statements were erroneously admitted when no specific exception applied to their admission under Evid.R. 802. Appellant objects to the testimony of the baby-sitter. The baby-sitter testified that Abby told her about the incident with appellant, and that she confronted appellant when he stopped by the house the same day. The baby-sitter was not permitted to recite what Abby told her, but the baby-sitter did testify that she told appellant when she confronted him that Abby had said that he touched her private parts. The baby-sitter testified that appellant stated that Abby's statement was a lie, and that he was upset and quickly left. The trial court instructed the jury to consider the baby-sitter's testimony about what Abby told her for the limited purpose of showing appellant's reaction when his alleged acts were repeated to him, and that the testimony was not to be considered for the truth of the matter.
As stated above, hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Evid.R. 801(C). Where an out-of-court statement is offered without reference to its truth, it is not hearsay.State v. Price (1992), 80 Ohio App.3d 108, 110, citing State v. Lewis
(1970), 22 Ohio St.2d 125, 132-133. The baby-sitter's testimony was not admitted for the truth of the matter and was not inadmissible hearsay.
Appellant also objects to the testimony of Middletown Detective Janice Brown, who testified as follows:
 Brown: Because of the nature of the report and the age of the child, I faxed a copy immediately to Children's Services on an emergency basis.
 Q: Why do you do that?
 Brown: Because of the proximity of — the child had — I hadn't met the child yet, but because of the report, the child said she had been a victim of a crime and that the person who perpetrated this crime was in the vicinity where he could again get to her.
This statement was also not offered for the truth, but to show the reasons for certain actions by a police officer during an investigation. Statements that are offered to explain a police officer's conduct while investigating a crime are not hearsay. State v. Blevins (1987),36 Ohio App.3d 147, 149. The fourth assignment of error is overruled.
 Assignment of Error No. 5: THE TRIAL COURT ERRED WHEN IT ADMITTED TESTIMONY BY AN "EXPERT" AS TO THE VERACITY OF ANOTHER WITNESS.
Appellant argues that Dr. Baker, an expert witness, was improperly permitted to state her opinion on the veracity of Abby's statements. The state counters that Dr. Baker was offering testimony concerning interview protocol to supply the requisite foundation for Dr. Baker's opinion that sexual abuse occurred.
Appellant asked Dr. Baker on cross-examination to comment on the importance of the veracity of her sources of information and the subjects being interviewed. Appellant's attorney asked and received an acknowledgement from Dr. Baker that the "veracity of a young lady is just one factor that you — that would play into this?" On re-direct, the prosecution asked Dr. Baker what methods she used to deal with veracity issues when conducting an evaluation. Dr. Baker indicated that she would look for internal consistency, whether the story told by the child makes sense, whether the child can be interrupted or misunderstood and resume the story with supportive details. Dr. Baker testified that she evaluates whether the child can demonstrate what she said happened in a manner congruent with the child's previous statements. The prosecution asked if there were "consistency elements" present in Abby's interview and Dr. Baker answered in the affirmative.
It is settled law that the judge of the credibility of a witness is solely the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230. An expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant. State v. Boston (1989), 46 Ohio St.3d 108,129. Appellant first raised the subject of considering the veracity of Abby's statements to Dr. Baker, and the prosecution followed up with a question about whether Abby was consistent during her interview. While we are disturbed that the state continued the questioning about veracity, the questions in the instant case are analogous to State v. Alderman
(Dec. 11, 1990), Athens County App. No. CA 1433, unreported.
In Alderman, the state asked the expert witness to list the factors the witness used to determine the subject's credibility, and story consistency was one factor cited. The expert witness in Alderman was asked whether the victim's story was consistent. The Fourth District Court of Appeals found that the question and the answer were admissible. The court stated that consistency was just one of the factors considered, and that the witness had not been asked to comment on all of the factors, nor had the witness been asked to render the ultimate opinion of whether the witness thought the victim was being truthful.
Although the facts in the instant case are uncomfortably close to the line, we cannot say that Dr. Baker's comments that Abby's interview contained "consistency elements" sufficiently invaded the territory of the jury charged with assessing the veracity of Abby's testimony. Moreover, appellant had full opportunity to cross-examine Abby concerning her allegations. The jurors were therefore able to observe the victim and gauge her credibility for themselves. See State v. Proffitt (1991),72 Ohio App.3d 807, 809. The fifth assignment of error is overruled.
 Assignment of Error No. 6: THE TRIAL COURT COMMITTED SO MANY CUMULATIVE ERRORS WARRANTING A REVERSAL OF DEFENDANT-APPELLANT'S CONVICTION.
Appellant asserts that the trial court committed several small errors which, although individually harmless, cumulatively resulted in the denial of his constitutional right to a fair trial.
Although a particular error may not constitute prejudicial error in and of itself, a conviction may be reversed if the cumulative effect of the errors deprives the defendant of a fair trial, despite the fact that each error individually does not constitute cause for reversal. State v.Fears (1999), 86 Ohio St.3d 329, 348; State v. Garner (1995),74 Ohio St.3d 49, 64. However, the doctrine of cumulative error is not applicable where the appellant fails to establish multiple instances of harmless error during the course of the trial. Garner at 64. Because this court found no instance of error, the doctrine of cumulative error is not applicable here. The sixth assignment of error is overruled.
 Assignment of Error No. 7: THE TRIAL COURT ERRED IN CLASSIFYING DEFENDANT/APPELLANT AS A SEXUAL PREDATOR.
Appellant argues that the Ohio sexual predator statute, R.C. Chapter 2950, is unconstitutional on its face. Appellant cites State v. Williams
(Jan. 29, 1999), Lake County App. No. 97-L-191, unreported, for the proposition that Chapter 2950 is unconstitutional. Appellant also notes in his brief that Williams was reversed by the Ohio Supreme Court in Statev. Williams (2000), 88 Ohio St.3d 513.
Indeed, the Ohio Supreme Court in Williams held that Chapter 2950 is not facially unconstitutional. Id. at 534. Specifically, the supreme court found that Chapter 2950 does not violate an individual's right to privacy or the rights enumerated in Section 1, Article I, of the Ohio Constitution. Id. at 526-527. As it does not inflict punishment, Ohio's sexual predator statute does not violate the Double Jeopardy Clause of the constitution. Id. at 527-28. It is not unconstitutionally vague, or violate the Equal Protection Clause. Id. at 531-532, 534. Accordingly, appellant's seventh assignment of error is overruled.
Judgment affirmed.
 _________ WALSH, J.
VALEN, P.J., and POWELL, J., concur.
[1] A pseudonym is being used in place of the name of the minor victim.