OPINION
{¶ 1} Defendant-appellant, Kirk D. Waters, appeals his convictions in the Butler County Court of Common Pleas on three counts of unlawful sexual conduct with a minor, two counts of sexual battery, and two counts of interference with custody. We affirm the judgment of the trial court.
 {¶ 2} In 1998, appellant began residing at the Lucky Valley Motel in Amelia, Ohio. Appellant lived there with his girlfriend, Tabitha Baker, and their children. In 2001, Tabitha's 13-year-old sister, L.S., ran away from her mother's home in Kentucky and moved into the Lucky Valley Motel with Tabitha and appellant.
 {¶ 3} In April 2001, appellant and L.S. began having a sexual relationship. According to L.S., the sexual relationship continued when appellant moved his children, Tabitha, and L.S. into a mobile home in West Chester, Ohio in October 2001. L.S. testified that she and appellant had sexual intercourse while they lived in the mobile home in West Chester approximately five to ten times. L.S. also testified that she had sex with appellant a total of "72 times." L.S. kept track of their sexual encounters because she wanted to have sex with appellant in every room of the Lucky Valley Motel.
 {¶ 4} During the course of the relationship, L.S. became pregnant with appellant's child. On November 29, 2001, L.S. gave birth to her daughter, S.W., two months prematurely. Hospital personnel became suspicious of abuse because of L.S.'s young age and the fact that she had not had any prenatal care. The hospital contacted the Butler County Children Services Board and the police.
 {¶ 5} Detective John Kleinfeldt of the West Chester Police Department began an investigation to determine the identity of the father of L.S.'s child. Appellant denied having sexual intercourse with L.S. and stated that the father was a 15-year-old from Tennessee. However, appellant consented to a DNA test which revealed that the probability of appellant's paternity of L.S.'s child is 99.99 percent. During the investigation, Det. Kleinfeldt ascertained that appellant's children had lived in the Lakota School District for over a month but had not been placed into school. Consequently, all of the children were removed from appellant's home. L.S. and her child, S.W., were placed into a foster home.
 {¶ 6} On New Year's Eve 2001, L.S. ran away from her foster home, taking S.W. with her. Appellant and L.S. planned her actions over time during phone conversations. Appellant arranged for his friend to pick up L.S. and S.W. near her foster home and drive them to Mt. Vernon, Kentucky.
 {¶ 7} L.S. and S.W. were discovered in Kentucky and returned to Butler County. Det. Kleinfeldt spoke to appellant a second time. Appellant admitted to his involvement in L.S.'s running away from her foster home with S.W. As a result, appellant was charged with two counts of interference with custody. Appellant was also charged with three counts of unlawful sexual conduct with a minor and two counts of sexual battery. Appellant was tried on July 1, 2, and 3, 2002. A jury found appellant guilty of all seven charges against him. Appellant appeals the convictions raising three assignments of error:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The Trial Court Erred To The Prejudice of Defendant-appellant In Admitting Evidence of Other Crimes, Wrongs Or Acts, Thereby Denying Defendant-appellant His Right To Due Process And a Fair Trial As Guaranteed By The Fifth And Fourteenth Amendments To The United States Constitution And Article 1, Section 16 Of The Ohio Constitution."
 {¶ 10} Appellant argues that the trial court erred in allowing the prosecution to present irrelevant and inflammatory evidence regarding his parentage of L.S.'s child. Appellant maintains that a child born November 29, 2001, could not have been the product of sexual intercourse occurring during the time frame provided in the indictment and the probative value of admitting evidence of those other sexual acts between appellant and L.S. was substantially outweighed by the danger of unfair prejudice and was misleading to the jury.
 {¶ 11} The state, however, argues that the evidence was admissible to show intent, identity, or the absence of mistake or accident. Furthermore, the state argues that appellant had denied sexual contact with L.S., therefore, the evidence was relevant to the defendant's truthfulness.
 {¶ 12} We recognize that Evid.R. 404 prohibits the presentation of character evidence to show that a defendant acted in conformity therewith on a particular occasion. It may, however, be admissible for other purposes, such as proof of motive, opportunity, and intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Furthermore, the admission or exclusion of evidence, including other acts evidence, lies in the trial court's sound discretion. State v. Bey,85 Ohio St.3d 487, 489-490, 1999-Ohio-283. Absent an abuse of discretion, as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to admissibility of evidence. State v. Martin (1985),19 Ohio St.3d 122, 129; State v. Hymore (1967), 9 Ohio St.2d 122, 128. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Wolons (1989), 44 Ohio St.3d 64,68.
 {¶ 13} During trial the prosecutor asked L.S., "[d]o you have a child," and she answered "yes." When she was asked, "who is [your child's] father?" L.S. replied, "Kirk Waters." Additionally, appellant was asked on cross-examination, "you and [L.S.] have a child together named [S.W.], born November the 29th?" Appellant answered, "Correct."
 {¶ 14} Our review of the record shows that the evidence regarding appellant's sexual contact with L.S. was introduced to establish his identity as the perpetrator. Appellant argues his identity was not at issue because he admitted to having a sexual relationship with L.S. at trial. In spite of this admission, appellant maintains that he never had sexual contact with L.S. in Butler County and every time he had sexual contact with L.S. in Ohio, it was at the Lucky Valley Motel in Clermont County, Ohio. Therefore, the prosecution was required to prove that appellant was the perpetrator of the sexual abuse occurring in Butler County. Furthermore, the identity of the perpetrator was at issue in this case because appellant pleaded not guilty to the charges, thus registering a denial of his participation in the offense. State v.Harvill (1984), 15 Ohio App.3d 94, 96.
 {¶ 15} One of the crimes alleged, unlawful sexual conduct with a minor, requires "sexual conduct with another, * * * when the offender knows the other person is * * * less than sixteen years of age." R.C.2907.04(A). As such, the references to appellant's impregnating L.S. tend to logically prove an element of the crime, i.e. sexual conduct in the form of vaginal intercourse. See State v. Roe (1989) 41 Ohio St.3d 18,23-24. Evidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends to logically prove any element of the crime alleged." Id. Furthermore, such evidence is admissible not because it labels the defendant as a criminal, but because it provides a "behavioral fingerprint" which, when compared to the behavior associated with the crime in question, can be used to identify the defendant as the perpetrator. State v. Lowe, 69 Ohio St.3d 527, 531, 1994-Ohio-345.
 {¶ 16} The court did not act unreasonably, arbitrarily or unconscionably in admitting this evidence or allowing the prosecutor to discuss the paternity of L.S.'s child. The first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "Defendant-appellant Was Denied The Right To A Fair Trial Pursuant To The Fifth And Fourteenth Amendments To The United States Constitution And Article 1, Section 16 Of The Ohio Constitution As A Result Of Prosecutorial Misconduct."
 {¶ 19} Appellant alleges several instances of prosecutorial misconduct. Appellant maintains that the prosecutor repeatedly elicited testimony regarding evidence of L.S.'s journals that the trial court had previously ruled inadmissible.
 {¶ 20} The test for prosecutorial misconduct is whether the remarks made were improper and, if so, whether the remarks prejudicially affected substantial rights of the accused. State v. Mason,82 Ohio St.3d 144, 161, 1998-Ohio-370; State v. White, 82 Ohio St.3d 16,22, 1998-Ohio-363; State v. Clemons, 82 Ohio St.3d 438, 451,1998-Ohio-406. The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203,212.
 {¶ 21} Appellant argues that the prosecutor improperly elicited references to L.S.'s personal journals wherein she documented her feelings toward appellant. The prosecution sought to admit the journals into evidence to "establish the relationship" between appellant and L.S. However, the journals were ruled inadmissible because appellant admitted the relationship.
 {¶ 22} During trial, the prosecutor asked L.S., "Did you keep any journals?" L.S. answered, "yes, * * * I just wrote in them every day how I felt to [appellant]." When L.S. was asked, "what was the purpose of keeping these journals," she replied, "just to say how I felt." Furthermore, on cross-examination, appellant's counsel elicited testimony regarding the journals. Appellant's counsel asked L.S., "[y]ou stated that you had sex with [appellant] on 72 occasions? How do you know it was 72? * * * did you write them down in a journal or anything like that?" L.S. answered, "no."
 {¶ 23} In reviewing allegations of prosecutorial misconduct, it is the duty of this court to consider the complained of conduct in the context of the entire trial. See State v. Conklin (Dec. 17, 1998), Tuscarawas App. No. 1997AP110077. See, also, State v. Lane (1995),108 Ohio App.3d 477, 484. We cannot say that the prosecutor's comments regarding the journals amount to prejudicial error in the context of the entire trial. Furthermore, we find that the comments by the prosecutor were not necessarily improper and that any alleged error was ultimately harmless because appellant readily admitted to the sexual relationship and appellant's counsel also elicited testimony regarding L.S.'s journals. The second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "The Cumulative Effect Of Errors In The Proceedings Below Denied Defendant-appellant His Constitutional Right To A Fair Trial."
 {¶ 26} Appellant argues that even if this court finds the errors in the previous assignments of error were harmless, the cumulative effect of these errors resulted in unfair prejudice. The Supreme Court of Ohio has recognized the doctrine of cumulative error when numerous "harmless errors" are combined. State v. DeMarco (1987), 31 Ohio St.3d 191, 197. In order for the doctrine of cumulative error to be applicable, however, an appellate court must find that multiple errors, none of which individually rose to the level of prejudicial error, actually occurred in the trial court. Id.
 {¶ 27} This court has carefully reviewed the trial transcript and the various arguments raised on appeal and finds that a cumulative effect of any errors does not exist as we find only one error committed at trial which does not rise to the level of prejudicial error. Appellant's third assignment of error is overruled.
 {¶ 28} Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.