The STATE of Ohio, Appellee,

v.

PROFFITT, Appellant.

[Cite as *State v. Proffitt* (1991), 72 Ohio App.3d 807.]

Court of Appeals of Ohio,
Butler County.

No. CA90–07–127.

Decided March 11, 1991.

*John F. Holcomb*, Prosecuting Attorney, and *Noah Powers*, for appellee.

*Masana, Masana, Hurr & Bruewer* and *Daniel J. Hurr*, for appellant.

WALSH, Judge.

On December 11, 1989, the Butler County Grand Jury indicted appellant, Steven M. Proffitt, on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(3). At appellant's trial, the eight-year-old victim testified appellant stuck his fingers inside her as she sat with him on a couch in the home of her mother's boyfriend's parents. The victim also drew a circle on a picture of a little girl, indicating that appellant had touched her sexual organ.

Dr. Susannah K. Sutphin, an emergency room physician at Middletown Regional Hospital, testified that she examined the victim's vaginal area several hours after the alleged incident. According to Dr. Sutphin, the examination revealed a fairly recent abrasion on the outside of the vagina and a recent redness of the opening of the vagina. Over objections, the doctor opined that the injuries were consistent with the victim's allegation of sexual abuse. After the state rested, appellant made a Crim.R. 29 motion to dismiss, which the court overruled.

Following the close of evidence, the jury found appellant guilty as charged. At final disposition on June 21, 1990, the court sentenced appellant to a one and one-half year prison term.

Appellant appealed in a timely manner and presents the following assignment of error for review:

"The trial court erred to the prejudice of the defendant by failing to grant defendant's motion to dismiss under Rule 29, after allowing impermissible expert testimony."

Appellant's assignment of error raises two issues concerning Dr. Sutphin's expert testimony. First, it is argued that Sutphin's opinion failed to comply with the requirements of Evid.R. 705. Evid.R. 705 concerns the disclosure of facts underlying an expert's opinion and states: "The expert may testify in terms of opinion or inference and give his reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise." Specifically, appellant asserts that the state failed to produce testimony regarding the victim's statement to Sutphin prior to the promulgation of the doctor's opinion.

A review of the transcript of the hearing shows the following dialogue transpired during the questioning of Dr. Sutphin:

"*Q.* Okey [*sic*]. Now, doctor based upon a reasonable degree of medical certainty do you have an opinion as to what the probable cause of those injuries was?

"*A.* Well, I felt that * * *

"*MR. CRIST:* I'm going to object, Your Honor.

"*BY THE COURT:* Overruled.

"*A.* I felt that the injuries were consistent with the story that the child told me.

"*Q.* That she was sexually molested?

"*A.* Yes."

Sutphin's affirmative response to the prosecutor's question implies that the victim told Sutphin that she (the victim) had been sexually abused. Moreover, the doctor stated earlier that she conducted the examination to determine the validity of the victim's sexual assault complaint. The disclosure of these facts indicates Sutphin's opinion substantially complied with Evid.R. 705.

█ Appellant's second issue argues that *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, prohibits an expert from testifying on the veracity of a child-declarant's statement in a sexual abuse case. It is asserted that Sutphin's statement regarding the consistency of the victim's allegations with her injuries amounts to an opinion on the victim's truthfulness.

The facts in *Boston* show that the victim's refusal to testify in court resulted in no real examination or cross-examination of her statements implicating the alleged perpetrator. As a result, the court refused to allow a doctor to testify that the victim did not fantasize her own abuse and that she had not been programmed to make the accusations. Such opinion evidence was improper, the court concluded, since it " 'acted as a litmus test of the key issue in the case and infringed upon the role of the fact finder, who is charged with making determinations of veracity and credibility.' " *Id.* at 128–129, 545 N.E.2d at 1240, quoting *State v. Eastham* (1988), 39 Ohio St.3d 307, 312, 530 N.E.2d 409, 414 (H. Brown, J., concurring).

The facts in the case *sub judice* can be distinguished from *Boston.* The record shows that appellant had full opportunity to cross-examine the victim. This permitted the jury to perceive the victim and gauge her credibility. In *Boston,* the doctor's opinion intruded upon an essential task of the jury since the three-year-old victim refused to testify.

Furthermore, unlike the expert's psychological evaluation of the victim in *Boston,* Sutphin's opinion was premised on objective, medical evidence and contained a guarantee of trustworthiness. This court recently addressed the issue of the admissibility of expert testimony in a sexual abuse case in *State v. Garrett* (July 16, 1990), Clermont App. No. CA90–08–070, unreported, 1990 WL 98222. In that case, a social worker testified that the behavior of the four-year-old victim was consistent with that of other sexually abused children. On appeal, the defendant alleged that the social worker's testimony amounted to an inadmissible opinion as to the victim's credibility. This court found the testimony admissible since it did not have the sole effect of bolstering the victim's veracity, by noting:

"This court has consistently rejected efforts by the prosecution to present testimony asserting the reliability of the victim's story, particularly where physical or medical evidence of abuse is scant. * * * However, in the instant case, ample medical evidence existed that the victim had been sexually abused * * *. Thus, the concern that a social worker's testimony might be a bald attempt to assert the believability of the victim's story is nonexistent. * * * " (Citations omitted.)

In the present case, Sutphin provided objective medical evidence which showed the victim had been sexually abused. The existence of such reliable evidence extinguished the danger that the jury would view Sutphin's comment regarding the consistency between the victim's story and her injuries as an assertion that the victim should be believed. As a result, we find Sutphin's testimony admissible and overrule appellant's sole assignment of error.

*Judgment affirmed.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.