**The STATE of Ohio, Plaintiff,**

v.

**BARNES, Defendant.**

2008-Ohio-5609.]

Court of Common Pleas of Ohio,
Clermont County.

Nos. 2007 CR 0327 and 2007 CR 0417.

Decided June 27, 2008.

6

8

Donald White, Clermont County Prosecuting Attorney, and Scott Smith, Assistant Prosecuting Attorney, for plaintiff.

Gary Rosenhoffer and Patrick Gregory, for defendant.

---

HADDAD, Judge.

{¶ 1} This matter was before the court on January 29, 2008, pursuant to a motion to consolidate filed by the state of Ohio, a motion to sever filed by the defendant, Clarence W. Barnes, and a motion for more specific bill of particulars filed by the defendant. A hearing was held on those motions and was continued in progress until March 7, 2008. On that date, the court heard three separate motions in limine filed by the defendant and a motion to compel filed by the defendant. The court then conducted a hearing on its own motion to clarify on May 20, 2008, and the state responded at a hearing on May 27, 2008. Upon hearing oral arguments on the motions, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} The defendant, Clarence W. Barnes, was indicted on April 18, 2007, in case No. 2007 CR 0327, on nine counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4). It is alleged that the defendant, on separate occasions during the time period of March 2006 through January 20, 2007, had sexual contact with another, not the spouse of the defendant, when the other person was less than 13 years of age, whether or not the defendant knew the person's age. Specifically, the defendant is alleged to have touched the vaginal area of S.B., the 12–year–old granddaughter of the defendant. The following facts are alleged in the bill of particulars. It is alleged that two of these incidents occurred while the defendant and S.B. were playing darts at the defendant's home. Another incident allegedly occurred while the defendant and S.B. were in the upstairs of the defendant's home. It is further alleged that the fourth incident occurred when the defendant was at S.B.'s residence, where he touched her vaginal area over her underwear. The fifth incident is alleged to have occurred while the defendant was babysitting S.B., whose parents were at the hospital tending to their newborn twins. It is alleged that the defendant, on this fifth occasion, touched S.B.'s vaginal area over her underwear from the backside. The sixth incident allegedly involved the defendant's touching of S.B.'s breasts. The seventh incident allegedly occurred when the defendant touched S.B.'s vaginal area over her underwear while she was attempting to show him her schoolwork. The eighth incident involves the alleged touching of S.B.'s vaginal area while she attempted to show the defendant her video game. The ninth and final incident was allegedly witnessed by S.B.'s

mother on January 20, 2007. It is alleged that the defendant placed his hand under S.B.'s shorts and touched her vaginal area over her underwear.

{¶ 3} The defendant was then indicted on May 16, 2007, in case No. 2007 CR 0417, on one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). It is alleged that the defendant, sometime during the period of 1998 through 1999, had sexual contact with another, not the spouse of the defendant, when the other person was less than 13 years of age, whether or not the defendant knew that person's age. More specifically, it is alleged that the defendant touched the pelvic area of E.M., who was five years old at the time. It is alleged that the defendant had undone E.M.'s pants and underwear and rubbed her front pelvic area, claiming that he was looking for ticks.

## LEGAL ANALYSIS

### *Motion to Consolidate*

{¶ 4} "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." Crim.R. 13. "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 8(A). However, a trial court must order separate trials if a defendant would be prejudiced by the joinder. Crim.R. 14. See also *State v. Wilkins*, Clinton App. No. CA2007–03–007, 2008-Ohio-2739, 2008 WL 2331367, ¶ 13.

{¶ 5} "Joinder and the avoidance of multiple trials are favored to conserve judicial resources, including time and expense, reduce the chance of incongruous results in successive trials before different juries, and diminish inconvenience to the witnesses." *State v. Clifford* (1999), 135 Ohio App.3d 207, 211, 733 N.E.2d 621, citing *State v. Thomas* (1980), 61 Ohio St.2d 223, 15 O.O.3d 234, 400 N.E.2d 401. See also *Wilkins*, 2008-Ohio-2739, 2008 WL 2331367, ¶ 13. Therefore, joinder is favored unless it causes prejudice to the defendant. To determine whether the defendant will be prejudiced by joinder of multiple offenses, the court must consider "(1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *Clifford*, 135 Ohio App.3d at 212, 733 N.E.2d 621, citing *State v. Schaim* (1992), 65 Ohio St.3d 51, 600 N.E.2d 661.

See also *State v. Van Sickle* (1993), 90 Ohio App.3d 301, 304–305, 629 N.E.2d 39. "If the evidence of other crimes would be admissible at separate trials, any 'prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials,' and a court need not inquire further." *Schaim* at 59, 600 N.E.2d 661, quoting *Drew v. United States* (C.A.D.C.1964), 331 F.2d 85, 90 and citing *United States v. Riley* (C.A.8, 1976), 530 F.2d 767. It is the defendant's burden to show prejudice by furnishing the court with sufficient information so that it can balance the considerations favoring joinder against the defendant's right to a fair trial. *State v. Torres* (1981), 66 Ohio St.2d 340, 343, 20 O.O.3d 313, 421 N.E.2d 1288. See also *Wilkins* at ¶ 13–15.

{¶ 6} The state argues that case Nos. 2007 CR 0327 and 2007 CR 0417 should be consolidated for purposes of trial since the offenses charged in the separate indictments are of the same or similar character, constitute part of a common scheme or plan, and are all part of a continuing course of criminal conduct. The defendant argues that the offenses are alleged to have occurred on different dates and with separate victims, and that the testimony of one victim would not be admissible in a separate trial as similar evidence. The defendant argues that, as a result, he will be prejudiced if the two separate indictments are joined.

{¶ 7} In determining whether the two cases should be consolidated, the court must first determine whether the offenses could have been joined in a single indictment. Pursuant to the Ohio Rules of Criminal Procedure, as stated earlier, offenses may be joined in a single indictment if they are of the same or similar character, are based on the same act or transaction, are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct. Crim.R. 8(A).

{¶ 8} The court finds that in both indictments, the defendant is charged with gross sexual imposition; therefore, the offenses charged are of the same or similar character. The court further finds that the alleged offenses are not based upon the same act or transaction. They occurred approximately seven to nine years apart and involve different victims. The state argues that these offenses are based upon two or more acts that constitute a common scheme or plan. The court agrees that the alleged incidences involving S.B. and E.M., when looked at together, constitute a common scheme, i.e., sexual contact between the defendant and his granddaughters for the purpose of sexual gratification. Finally, the court finds that the two separate offenses are part of a course of criminal conduct, i.e., touching his grandchildren inappropriately for the purpose of sexual gratification. The court therefore finds that three of the four possible reasons for joinder of the

two separate indictments are present in this case; thus, the court finds that this case is one in which joinder is favored.

{¶ 9} However, although joinder is favored under the facts of this case, the court cannot consolidate the cases if such consolidation would result in prejudice to the defendant. In making this determination, the court must first consider the extent to which evidence of the crimes alleged in each case would be admissible in the other case even if the indictments were severed. R.C. 2945.59, which is a codification of Evid.R. 404(B), provides:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

Evid.R. 404(B) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶ 10} The state argues that the evidence of the defendant's alleged crime against E.M. is admissible in the case against the defendant in relation to his actions with S.B. in order to prove that the purpose in his actions was to obtain sexual gratification. Likewise, the state argues that the defendant's alleged crimes against S.B. are admissible in the case against the defendant in relation to his action with E.M. for the same reason.

{¶ 11} The court first notes that R.C. 2945.59 is to be strictly construed against the state and conservatively applied. *State v. Miley*, Richland App. Nos. 2005–CA–67, 2006–CA–14, 2006-Ohio-4670, 2006 WL 2589816, ¶ 57, citing *State v. DeMarco* (1987), 31 Ohio St.3d 191, 194, 31 OBR 390, 509 N.E.2d 1256. The use of evidence of other acts committed by a defendant is limited because there is a substantial danger that a jury will convict the defendant simply because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment even if he did not commit the crimes charged in the indictment. Id. at ¶ 58, citing *State v. Curry* (1975), 43 Ohio St.2d 66, 68, 72 O.O.2d 37, 330 N.E.2d 720. The danger is especially high when the other acts alleged are exceptionally similar to the charged offense, or of an inflammatory nature. Id.,

citing *Schaim,* 65 Ohio St.3d at 59, 600 N.E.2d 661. "Because of the severe social stigma attached to crimes of sexual assault and child molestation, evidence of these past acts poses a higher risk, on the whole, of influencing the jury to punish the defendant for the similar act rather than the charged act. Accordingly, the State may not 'parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.'" Id. at ¶ 59, quoting *Huddleston v. United States* (1988), 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771.

{¶ 12} The court may admit evidence of other acts if "(1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Miley,* 2006-Ohio-4670, 2006 WL 2589816, at ¶ 60, citing *State v. Carter* (1971), 26 Ohio St.2d 79, 83, 55 O.O.2d 130, 269 N.E.2d 115 and *State v. Lowe* (1994), 69 Ohio St.3d 527, 530, 634 N.E.2d 616. Further, the prior acts must not be too remote and must be closely related in nature, time, and place to the offense charged. Id. at ¶ 61, citing *Schaim,* 65 Ohio St.3d at 60, 600 N.E.2d 661. This is so because a prior act that is too distant in time or too removed in method or type has no probative value in the case. Id., citing *State v. Snowden* (1976), 49 Ohio App.2d 7, 10, 3 O.O.3d 92, 359 N.E.2d 87, and *State v. Burson* (1974), 38 Ohio St.2d 157, 159, 67 O.O.2d 174, 311 N.E.2d 526.

{¶ 13} The court finds that the first requirement that there be substantial proof that the defendant committed the other acts has not been satisfied in this case. The court is aware of the charges in each indictment. The court is further aware that both alleged victims discussed the matter with a counselor from the Mayerson Clinic. However, the court finds that the evidence presented by the state falls below the standard of "substantial proof."

{¶ 14} If the state had established the first requirement, then the evidence would be admissible if it tended to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The state argues only the intent element of the statute, i.e., that the defendant engaged in the activities with the alleged victims for the sole purpose of sexual gratification.

{¶ 15} The court finds that, as an essential element of the crime of gross sexual imposition, the defendant must engage in sexual contact with the victim for the purpose of sexual gratification. The question then becomes whether the other acts in question tend to prove the defendant's motive (purpose) or intent, i.e., sexual gratification. The court notes that prior acts too remote in time and not closely related in nature, time, and place to the offense charged are not probative and fail to prove the defendant's motive (purpose) or intent. In this case, the defendant allegedly committed gross sexual imposition against S.B. from March

2006 through January 20, 2007. The crime allegedly committed against E.M. occurred sometime between 1998 and 1999. The court notes that the defendant's alleged crimes in relation to S.B. occurred approximately seven to nine years after those related to E.M. Further, the crimes with which the defendant is charged were allegedly committed against two separate victims, at two separate times, and in two separate places. Therefore, based upon the foregoing, the court finds that the other acts of the defendant in both cases occurred seven to nine years apart and are chronologically and factually separate occurrences; thus, the other acts at issue in these cases do not tend to prove that the motive (purpose) behind the defendant's actions was sexual gratification. The court, therefore, finds that the acts of the defendant in one case are not admissible to prove his motive (purpose) in the other case.

{¶ 16} Since the court has determined that other-acts evidence is not admissible against the defendant, then the court must determine, pursuant to *Clifford*, whether the evidence of each crime is simple and distinct. If so, then the defendant has failed to establish that prejudice will occur because of the joinder of the indictments. The court first notes that in this case, there are two separate victims, two separate time periods, and several factually distinct scenarios. In the case of E.M., the state must prove only that the defendant engaged in sexual contact with the alleged victim by rubbing her pelvic area sometime in the time frame of 1998 through 1999. In the case of S.B., the state must prove that the defendant engaged in sexual contact with the alleged victim from March 2006 through January 20, 2007, approximately seven to nine years later. Further, the state does not allege that the defendant ever told S.B. he was searching her pelvic area for ticks. Given the significant difference in the time frames involved, as well as the facts that are alleged to have occurred, the court finds that the evidence in each case is so simple and distinct that no jury would confuse the issues involved.

{¶ 17} The court is mindful of the fact that the jury will hear details of the defendant's alleged acts with each victim if the cases are consolidated; however, that evidence is not being used pursuant to Evid.R.404(B), nor is it being used to prove that the defendant acted in conformity therewith. Rather, the evidence is being admitted against the defendant in the state's case-in-chief, in an attempt to prove that the facts involving E.M. constitute gross sexual imposition against E.M. and that the facts involving S.B. constitute gross sexual imposition against S.B. The court will also instruct the jury prior to deliberations that they are to consider each count and the evidence applicable to each count separately and to make their findings as to each count without being influenced by their verdict on the other counts. See *State v. Wyatt* (Jan. 10, 1994), Butler App. No. CA93–03–

050, 1994 WL 5111, at *5; *State v. Moore* (Jan. 31, 1994), Madison App. No. CA92–12–034, 1994 WL 29881, at *4.

{¶ 18} Therefore, since the court has determined that the evidence involved in this case is simple and distinct, and that no reasonable jury would confuse the issues, the court hereby grants the state's motion to consolidate case No. 2007 CR 0327 with case No. 2007 CR 0417.

### Motion to Sever

{¶ 19} The court must now determine whether it should sever the nine counts of the indictment in case No. 2007 CR 0327. The court must perform, in determining whether the nine counts of the indictment should have been filed in one indictment, a similar analysis to the one previously performed for the motion to consolidate. If so, then the court must determine whether prejudice will occur to the defendant because of the joinder of these counts. To determine whether prejudice will occur to the defendant because of the joinder of these nine offenses, the court must consider whether evidence of the other crimes would be admissible even if the counts were severed, and if not, whether the evidence of each crime is simple and distinct. *Clifford,* 135 Ohio App.3d at 212, 733 N.E.2d 621, citing *Schaim,* 65 Ohio St.3d 51, 600 N.E.2d 661. See also *Van Sickle,* 90 Ohio App.3d at 304–305, 629 N.E.2d 39. It is the defendant's burden to prove prejudice by furnishing the court with sufficient information so that it can balance the considerations favoring joinder against the defendant's right to a fair trial. *Torres,* 66 Ohio St.2d at 343, 20 O.O.3d 313, 421 N.E.2d 1288.

{¶ 20} As stated previously, offenses may be joined in a single indictment if they are of the same or similar character, are based on the same act or transaction, are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct. The court finds that the nine counts against the defendant in case No. 2007 CR 0327 are of the same or similar character, i.e., gross sexual imposition. The court further finds that these offenses are based upon two or more acts that, connected together, constitute a common scheme or plan, i.e., sexual contact between the defendant and his granddaughter for the purpose of sexual gratification. Finally, the court finds that the nine separate offenses are part of a course of criminal conduct, i.e., touching his grandchildren inappropriately for the purpose of sexual gratification. The court, therefore, finds that three of the four possible reasons for joinder of the counts are present in this case; thus, the court finds that this case is one in which joinder is favored. See Crim.R. 8(A).

{¶ 21} The burden then shifts to the defendant to prove that joinder of the nine counts in case No. 2007 CR 0327 would result in prejudice. In making

this determination, the court must first consider the extent to which evidence of the crimes alleged in each count would be admissible in the other counts even if the indictments were severed. Pursuant to R.C. 2907.05(E), "[e]vidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves * * * the defendant's past sexual activity with the victim * * *." In this case, the nine counts of the indictment alleging that the defendant had sexual contact with S.B. involve only the defendant's past sexual activity with the victim. Therefore, pursuant to R.C. 2907.05(E), the evidence of the defendant's other acts with the victim would be admissible at separate trials; thus, the defendant has failed to show prejudice under *Clifford*.

{¶ 22} Further, evidence of the defendant's other acts against S.B. would be admissible pursuant to Evid.R. 404(B). As previously stated, evidence of other acts will be admitted if (1) there is substantial proof that the alleged other acts were committed by the defendant and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prior acts must not be too remote and must be closely related in nature, time, and place to the offense charged.

{¶ 23} In the case of S.B., the court finds substantial proof that the alleged other acts were committed against her by the defendant. The bill of particulars indicates that the alleged victim remembered each occurrence. The only thing that the victim was unable to remember was the exact date and time, which is acceptable in cases involving children. See *State v. Broyles*, Stark App. No. 2004–CA–00049, 2005-Ohio-1060, 2005 WL 578646; *State v. Rogers*, Butler App. No. 2006–03–055, 2007-Ohio-1890, 2007 WL 1174866; *State v. Carnes*, Brown App. No. CA2005–01–001, 2006-Ohio-2134, 2006 WL 1132857. Further, the victim's mother witnessed the sexual contact on January 20, 2007, and can testify thereto. This is significant, since this is the last time that the defendant allegedly touched the victim, which indicates to the court that someone else became aware of the defendant's actions. The court also notes that the social worker from the Mayerson Clinic can testify as to what the victim told her occurred. Given the competent, credible evidence as a whole, the court finds "substantial proof" that the defendant engaged in the actions alleged. See *Miley*, 2006-Ohio-4670, 2006 WL 2589816, at ¶ 60.

{¶ 24} The court must then determine whether the second requirement, that the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, has been satisfied. The state argues that the other acts involving S.B. tend to prove that the defendant's motive (purpose) or intent was sexual gratification. The court notes that sexual

gratification is an essential element of the crime of gross sexual imposition. The question then becomes whether the other acts in question tend to prove the defendant's motive (purpose) or intent. The court notes that prior acts too remote in time and not closely related in nature, time, and place to the offense charged are not probative and fail to prove the defendant's motive (purpose) or intent. In this case, the defendant allegedly committed gross sexual imposition against S.B. on at least nine occasions ranging from March 2006 through January 20, 2007, which is a time frame of approximately ten months. Further, the crimes with which the defendant is charged in case No. 2007 CR 0327 were allegedly committed against the same person and during a period of ten months. The alleged crimes are of the same nature, i.e., gross sexual imposition involving the defendant and his granddaughter. Further, the evidence indicates that each event happened while S.B. was at the defendant's residence or while the defendant was at S.B.'s residence. There is no allegation that the defendant ever touched the victim while in another location. Therefore, based upon the foregoing, the court finds that the other acts against S.B. are not too remote as they are closely related in nature, time, and place. The court thus finds that the other acts of the defendant in one count of the indictment would be admissible to prove his motive (purpose) in the other eight counts. Therefore, the court finds that the nine counts of the indictment are properly joined and shall not be severed.

{¶ 25} The defendant attempts to argue that joinder of the counts into one indictment would be prejudicial since he might testify as to some of the acts, but not testify as to the remainder. "The mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice." *Torres*, 66 Ohio St.2d at 344, 20 O.O.3d 313, 421 N.E.2d 1288, citing *Wangrow v. United States* (C.A.8, 1968), 399 F.2d 106, 112. See also *State v. Ventus* (Sept. 19, 1994), Butler App. No. CA94-03-057, 1994 WL 506233, at *4, citing *Torres*.

{¶ 26} Based upon the foregoing analysis, and the competent, credible evidence before the court, the court finds that joinder of the nine counts in case No. 2007 CR 0327 was proper. Further, the court finds that the defendant has failed to establish prejudice since evidence of the defendant's sexual activity with S.B. is admissible in this case pursuant to R.C. 2907.05(E). The defendant also failed to establish prejudice since evidence of other acts committed by the defendant against S.B. would be admissible in separate trials on case No. 2007 CR 0327. Therefore, the defendant's motion to sever the indictment in case No. 2007 CR 0327 is hereby denied.

### Motion for More Specific Bill of Particulars

{¶ 27} In considering the defendant's request for a more specific bill of particulars, the court will first examine the purpose of the bill of particulars. The bill of particulars informs the defendant of the nature of the charges against him with a sufficient amount of precision that he may adequately prepare for trial, avoid surprise, or plead his acquittal or conviction in bar of another prosecution for the same offense. *State v. Sessler,* Crawford App. No. 3–06–23, 2007-Ohio-4931, 2007 WL 2757462, ¶ 11, quoting *State v. Miniard,* Gallia App. No. 04CA1, 2004-Ohio-5352, 2004 WL 2260512, ¶ 21–23. See also *State v. Clay* (1972), 29 Ohio App.2d 206, 215, 58 O.O.2d 364, 280 N.E.2d 385. The purpose of the bill of particulars is to enable the defendant to prepare for trial, but it is not designed to provide specifications of evidence or to serve as an alternative to discovery. *Sessler* at ¶ 11, citing *Miniard* at ¶ 21–23. It need not include information that is within the defendant's own knowledge, nor does it need to include information that the defendant could discover with due diligence. Id., citing *Miniard* at ¶ 21–23. Additionally, it need not be precise, but must only be directed toward the actions of the accused that the state believes occurred. Id., quoting *Miniard* at ¶ 21–23.

{¶ 28} "A certain degree of inexactitude of averments, where they relate to matters other than the elements of the offense, is not per se impermissible or necessarily fatal to a prosecution." *State v. Rogers,* 2007-Ohio-1890, 2007 WL 1174866, ¶ 24, quoting *State v. Sellards,* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 478 N.E.2d 781. "Unless times or dates are essential elements of the offenses, such specific times and dates need not be set forth in an indictment or bill of particulars." *State v. Carnes,* 2006-Ohio-2134, 2006 WL 1132857, ¶ 10, citing *State v. Bell* (Apr. 30, 2001), Butler App. No. CA99–07–122, 2001 WL 432737.

{¶ 29} The court must consider two things when a defendant requests more specific dates, times, or places: "whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense." *State v. Broyles,* 2005-Ohio-1060, 2005 WL 578646, ¶ 41, citing *State v. Hensley* (1991), 59 Ohio St.3d 136, 141–142, 571 N.E.2d 711, 716. The question regarding the defendant's ability to prepare and present a defense is "whether the inexactitude of temporal information truly prejudices the accused's ability [to prepare and present a defense]." Id. at ¶ 42, citing *State v. Sellards,* 17 Ohio St.3d 169, 17 OBR 410, 478 N.E.2d 781, and *State v. Gingell* (1982), 7 Ohio App.3d 364, 368, 7 OBR 464, 455 N.E.2d 1066, 1071, and *State v. Kinney* (1987), 35 Ohio App.3d 84, 519 N.E.2d 1386.

{¶ 30} In addition to the issue of prejudice is the problem that cases of child abuse present, i.e., the inability of the child victim—who does not have the temporal memory of an adult—to remember exact dates and times. *Broyles*, 2005-Ohio-1060, 2005 WL 578646, at ¶ 43. See also *Rogers*, 2007-Ohio-1890, 2007 WL 1174866, at ¶ 25, quoting *State v. Smith* (Dec. 30, 1991), Butler App. No. CA91–06–104, 1991 WL 278241, at *3. This is especially true in those instances where the crimes involve instances of abuse that allegedly occurred over an extended period. *Broyles*, 2005-Ohio-1060, 2005 WL 578646, at ¶ 44, citing *State v. Robinette* (Feb. 27, 1987), 5th Dist. No. CA–652, 1987 WL 7153, citing *State v. Humfleet* (Sept. 9, 1985), Clermont App. No. CA84–04–031, 1985 WL 7728, at *7. See also *Rogers* at ¶ 25; *Carnes*, 2006-Ohio-2134, 2006 WL 1132857, at ¶ 25. This issue is further compounded when the accused and the victim are related or reside in the same household, which are situations that facilitate extended periods of abuse. *Broyles* at ¶ 44; *Carnes* at ¶ 26. Therefore, an allowance is made for reasonableness and inexactitude in such cases. *Broyles*, ¶ 44; *Carnes* at ¶ 26. In these cases, the prosecution is required only to set forth a time frame in the indictment and charge the accused with offenses that reasonably fall within that period. *Rogers* at ¶ 25, citing *State v. Daniel* (1994), 97 Ohio App.3d 548, 557, 647 N.E.2d 174. See also *State v. Hensley* (1991) 59 Ohio St.3d 136, 571 N.E.2d 711 (13–year time frame sufficient when dealing with a victim of tender years); *State v. Mundy* (1994), 99 Ohio App.3d 275, 650 N.E.2d 502 (one- to five-year time frames sufficient when dealing with a victim of tender years); *State v. Ambrosia* (1990), 67 Ohio App.3d 552, 587 N.E.2d 892 (one-year time frame sufficient when dealing with a victim of tender years); *State v. Barnecut* (1988), 44 Ohio App.3d 149, 542 N.E.2d 353 (one-year time frame sufficient when dealing with a victim of tender years); *State v. Gingell* (1982), 7 Ohio App.3d 364, 7 OBR 464, 455 N.E.2d 1066 (14–month time frame sufficient when dealing with a victim of tender years); *State v. Johnson*, 8th Dist. No. 80436, 2002-Ohio-7057, 2002 WL 31839432 (two-year time frame sufficient when dealing with a victim of tender years); and *State v. Smith*, 1991 WL 278241 (three-year time frame sufficient when dealing with a victim of tender years).

{¶ 31} After reviewing the state's allegations in the present case, the court finds that the bill of particulars in both cases sufficiently apprises the defendant of the charges against him. The court first notes that date and time are not listed as essential elements of the offense of gross sexual imposition; therefore, specific dates and times are not required. See *Carnes*, 2006-Ohio-2134, 2006 WL 1132857.

{¶ 32} Additionally, the defendant has failed to assert that the state possesses knowledge of the specific dates and times of the alleged offenses. Further, there is no evidence in the record to indicate that the state does, in fact, possess such

knowledge; therefore, it would be impossible for the court to require the state to turn over to the defendant information that it simply does not have. However, should the state obtain such information prior to trial, it is required to amend the bill of particulars upon request to supply the defendant with the more specific times and dates. *Sellards*, 17 Ohio St.3d at 171, 17 OBR 410, 478 N.E.2d 781.

{¶ 33} Further, in both cases, the alleged victims are children. E.M. was five at the time the alleged incident occurred and S.B. was 12 years old. Since the victims are children, the available details of each offense will likely be limited. The court would also note that the victims are the accused's granddaughters, which is a situation that the courts have found facilitates an extended period of abuse. Given the relationship between the victims and the defendant, as well as the age of the victims, the court finds some allowance for inexactness to be necessary.

{¶ 34} The court also finds that, upon an inspection of the time frames provided in the bill of particulars in each case, the state intends to prove nine separate instances of gross sexual imposition upon the victim, S.B., occurring from March 2006 through January 20, 2007, and one count of gross sexual imposition upon the victim, E.M., occurring sometime in 1998 or 1999. In each case, the bill of particulars, as specifically as possible, indicates the activities in which the victims and the defendant were engaged when the alleged sexual contact occurred. Each charge is differentiated from the others, permitting the defendant to prepare for trial and preventing surprise and double-jeopardy issues, which sometimes arise when an indictment alleges multiple charges in a single time frame. Therefore, the court finds that the bill of particulars in each case clearly satisfies the purposes behind such documents.

{¶ 35} The defendant argues, however, that the lack of specific times and dates impedes his ability to raise an alibi defense. The court first notes that the defendant has not yet filed a notice of alibi pursuant to Crim.R. 12.1. The court is mindful of the fact that the defendant is not required to file such notice until seven days before trial, which in this case would not be until August 4, 2008. The court is also mindful of the fact that the defendant cannot state in his notice of alibi specific information as to the place at which he claims to have been when the alleged offenses occurred since the state cannot provide him with specific dates. However, given that the alleged victims are children, the court finds that it would be nearly impossible for anyone to pinpoint exactly when the incidences occurred; therefore, the court would allow the defendant to, within reason, list any potential alibis that he might have during the time frame listed in the indictment and the bill of particulars. The court notes that at least a couple of instances listed in the indictment are clearly specific enough for the defendant to assert an alibi. Specifically, the fifth incident in case No. 2007 CR 0327 allegedly occurred when

the defendant was babysitting S.B. while his son and daughter-in-law were at the hospital with their newborn twins. Another instance in which the defendant may clearly assert an alibi is January 20, 2007, which is the incident where S.B.'s mother witnessed the alleged sexual contact. The court finds that any potential prejudice that the defendant might suffer because of the lack of specificity in the bill of particulars is alleviated. The defendant has not alleged that the lack of specificity will prejudice him in preparing a defense other than an alibi defense; therefore, the court will not address any other defenses that the defendant might raise.

{¶ 36} Based upon the foregoing analysis, and the competent, credible evidence before the court, the court finds that the time periods listed in the bills of particulars filed in case Nos. 2007 CR 0327 and 2007 CR 0417 are sufficient to inform the defendant of the charges against him such that he may adequately prepare for trial, avoid surprise, or plead his acquittal or conviction in bar of another prosecution for the same offense. Further, there is no evidence before the court that the state has knowledge of more specific dates and times, nor is it likely that the state will acquire such knowledge given the age of the victims and their relationship to the defendant. Finally, any potential prejudice that the defendant might suffer because of the lack of specificity in the indictment will be alleviated by the court's previous ruling with respect to the defendant's notice of alibi, should he choose to file it. Therefore, the court hereby denies the defendant's motion for a more specific bill of particulars in both case No. 2007 CR 0327 and case No. 2007 CR 0417.

### Motion in Limine:
### Other Acts

{¶ 37} The defendant has moved this court to exclude other-acts evidence from this case. He argues that the facts involving E.M. should not be used to prove the state's case regarding S.B. and that the facts involving S.B. should not be used to prove the state's case regarding E.M. The court is cognizant of the fact that the jury is going to hear the details of the defendant's alleged acts with each victim due to the consolidation of the indictments. However, pursuant to the court's analysis in relation to the motion to consolidate and motion to sever, the court finds that the prosecution is not being permitted to use Evid.R. 404(B) evidence, nor is the evidence being used to prove that the defendant acted in conformity therewith. Rather, the evidence is being admitted against the defendant in the state's case-in-chief, in an attempt to prove that the facts involving E.M. constitute gross sexual imposition against E.M., and that the facts involving S.B. constitute gross sexual imposition against S.B. Evid.R. 404(B) is therefore inapplicable since other-acts evidence is not being used by the state.

{¶ 38} The court notes that it plans to instruct the jurors prior to deliberations that they are to consider each count and the evidence applicable to each count separately. Further, they will be instructed that they are to make their findings as to each count without being influenced by their verdict on the other counts, as was done by the courts in *State v. Wyatt*, 1994 WL 5111, and *State v. Moore*, 1994 WL 29881.

{¶ 39} Based upon the foregoing analysis, the court hereby denies the defendant's motion in limine at this time for the sole reason that the state is not being permitted to introduce this evidence as other-acts evidence, but will be allowed to use the evidence as part of its case-in-chief.

### Motion to Compel

{¶ 40} The defendant moved for an order compelling the state to produce all documents, reports, and/or tangible objects produced by Cecilia Freihofer of the Mayerson Clinic and Jamie Smith of Clermont County Children's Protective Services. In addition, the defendant wishes to review copies of any offense report generated by any investigating officer. The defendant cites Crim.R. 16(B)(1)(c) and (d) for the proposition that he is entitled to these documents. The court notes that although the defendant has not made an argument pursuant to Crim.R. 16(B)(1)(f) and *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, it must address the issue since *Brady* and Crim.R. 16 are so closely intertwined.

{¶ 41} The court will first address the defendant's arguments that he is entitled to the previously stated information pursuant to Crim.R. 16(B)(1)(c) and (d). The court finds that the defendant is not entitled to discovery of the requested information. Crim.R. 16(B)(1) defines the types of information that are subject to disclosure as being the statement of defendant or codefendant, defendant's prior record, documents and tangible objects, reports of examination and tests, witness names, addresses, and records, and any evidence that is favorable to the defendant. Further, the defendant is entitled to have an in camera inspection of a witness's prior statements after the witness has testified on direct examination at trial.

{¶ 42} The court notes that witness statements, other than as provided in Crim.R. 16(B)(1)(g), are not included under the information that is subject to discovery. By deduction, the court finds that it was not intended that the defendant be privy to statements made by the witnesses in a criminal case. The court makes this determination from the fact that witness statements are not expressly included in the information subject to disclosure and because Crim.R. 16(B)(1)(g) provides that the defendant may receive such information only if there are inconsistencies between the statement made prior to trial and the statement

made on direct examination. This is the only instance in which the rule provides for the viewing of such information by the defendant.

{¶ 43} The court is mindful of the fact that the defendant is requesting documents and tangible objects under Crim.R. 16(B)(1)(c) and reports of examinations and tests under Crim.R. 16(B)(1)(d). However, the documents, tangible objects, and reports that the defendant is requesting contain the statements of the victims, who are potential witnesses in this case, as well as the statements of the social worker and investigating officers, who are also potential witnesses. Therefore, since the defendant is not yet entitled to witness statements, the court finds that the prosecution cannot be required to turn that information over to the defendant.

{¶ 44} The court will next address any potential arguments under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and Crim.R. 16(B)(1)(f). "Crim.R. 16(B)(1)(f) codifies the constitutional right of a defendant to receive from the prosecution 'evidence favorable to an accused [and] * * * material either to guilt or to punishment' under *Brady v. Maryland.*" *State v. Darrah,* Warren App. No. CA2006–09–109, 2007-Ohio-7080, 2007 WL 4554952, ¶ 27. Pursuant to *Brady,* the state's failure to disclose such evidence that is favorable to the defendant violates due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *State v. Thomas,* Wood App. No. WD–06–014, 2007-Ohio-3466, 2007 WL 1953668, ¶ 38, quoting *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph four of the syllabus (citing *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215). Such evidence is material if there is a reasonable probability that the result of the proceedings would have been different if the evidence had been disclosed. Id., citing *Johnston,* 39 Ohio St.3d 48, 529 N.E.2d 898, at paragraph five of the syllabus (citing *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481). Reasonable probability means a "probability sufficient to undermine confidence in the outcome." Id., citing *Johnston* at paragraph five of the syllabus.

{¶ 45} The court has reviewed the written reports compiled by Cecilia Freihofer, a licensed social worker at the Mayerson Clinic, as well as the videotaped interviews conducted by Ms. Freihofer, of the two victims in these cases. The court did so pursuant to the defendant's two motions in limine relating to the interviews conducted at the Mayerson Clinic. Due to the sensitive nature of the interviews, the court will not go into detail about the contents of those reports and the interviews. However, upon a thorough review of both interviews, the court finds no evidence favorable to the defendant that is material to his guilt or punishment. The court finds no reasonable probability that the result of the trial in this matter would be different if the prosecution disclosed the victims'

statements. If anything, the statements contained within the reports and the videos are inculpatory in nature and could serve to harm the defendant even further. Therefore, the court finds that the defendant is not entitled to the statements of the alleged victims, or any other witness in this case, since there is no favorable evidence material to the defendant's guilt or punishment found in the written Mayerson Clinic report or in the videotaped interviews.

{¶ 46} The state has not presented to the court for review any documents, reports, and/or tangible objects produced by Jamie Smith of Clermont County Children's Protective Services. Further, the court does not have in its possession any reports generated by any investigating officers in this case. Therefore, the court cannot make a determination at this point whether there is any favorable information included within those reports that is material to the guilt or punishment of the defendant.

{¶ 47} However, the court finds that the prosecution is required to give to the defendant any favorable or exculpatory evidence that is material to his case. "Where a defendant makes only a general request for exculpatory material, 'it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.'" State v. Darrah, 2007-Ohio-7080, 2007 WL 4554952, at ¶ 28, quoting Pennsylvania v. Ritchie (1987), 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40. The defendant has not made a specific request for exculpatory material, but instead requested information under other provisions of Crim.R. 16. The defendant's request, if interpreted to be a Brady request, is general in nature since the defendant has failed to point to any specific exculpatory material in existence; therefore, the prosecutor's decision on disclosure is final. The court, therefore, finds that the state is required to give to the defendant only material that it believes is exculpatory. The court further finds that the defendant is not otherwise entitled to the officer's investigative reports or to the information compiled by Jamie Smith of Clermont County Child Protective Services.

{¶ 48} Based upon the foregoing analysis, and the competent, credible evidence before the court, the court hereby denies the defendant's motion to compel. The court notes that this does not affect its ability to rule on a motion made by the defendant pursuant to Crim.R. 16(B)(1)(g) once a witness testifies at trial.

### Motion in Limine:
### Expert Testimony as to Veracity

{¶ 49} The defendant argues that pursuant to State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, Cecilia Freihofer, the licensed social worker who

interviewed the alleged victims in this case, cannot testify as to those victims' veracity. The Ohio Supreme Court in *Boston* addressed the issue of a three-year-old sexual-assault victim who was unavailable to testify at trial. The court held that "[a]n expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." *Boston* at syllabus.[1] The court determined that the admission of such testimony was not only improper, but was egregious, prejudicial and constituted reversible error. Id. at 128, 545 N.E.2d 1220. An opinion such as this acts as a litmus test of the key issues in the case and infringes upon the duty of the fact finder, who must determine veracity and credibility. Id. at 128–129, 545 N.E.2d 1220, citing *State v. Eastham* (1988), 39 Ohio St.3d 307, 312, 530 N.E.2d 409. Therefore, the court found that both the child's doctor and the child's psychologist were precluded from rendering an opinion as to the veracity of the child. Id., at 129, 545 N.E.2d 1220.

{¶ 50} However, *Boston* did not "proscribe testimony which is additional support for the truth of the facts testified to by the child, or which assists the fact finder in assessing the child's veracity." *State v. Smith*, Butler App. No. CA2004-02-039, 2005-Ohio-63, 2005 WL 39670, ¶ 15, quoting *State v. Stowers* (1998), 81 Ohio St.3d 260, 262–263, 690 N.E.2d 881. Additionally, when the alleged victims testify before the jury about the allegations, the jury is able to perceive the child and decide for themselves their credibility. Id. at ¶ 21–22. See also *State v. Proffitt* (1991), 72 Ohio App.3d 807, 809, 596 N.E.2d 527. This situation is distinguishable from *Boston*, as the child victim in that case was not available to testify. Further, a psychologist can testify as to her opinion about whether the child she is treating has been subjected to sexual abuse. Id. at ¶ 16, citing *Boston*, 46 Ohio St.3d at 129, 545 N.E.2d 1220.

{¶ 51} The court finds that, based upon the *Boston* court's analysis, Ms. Freihofer cannot testify as to the child victims' veracity. However, if the alleged victims testify before the jury about the allegations, the jury will be able to perceive the children and decide for themselves their credibility. Therefore, if the child victims testify, Ms. Freihofer may lend additional support for the truth of the facts testified to by the children or assist the fact-finder in assessing their veracity. Ms. Freihofer, in that situation, could lend support for the fact that the children were being truthful and would be precluded only from stating that the children were truthful in their statements. Further, Ms. Freihofer, as the interviewing social worker in this case, can testify as to her opinion about whether the children she interviewed have been subjected to sexual abuse.

---

1. The court notes that *Boston* has been modified by the Ohio Supreme Court in *State v. Dever* (1992), 64 Ohio St.3d 401, 596 N.E.2d 436; however, the proposition of law that defendant argues under *Boston* has not been modified.

*Motion in Limine:*
*Statements Made for Trial Preparation*

{¶ 52} The defendant next argues that the statements made by the alleged victims to Cecilia Freihofer, the social worker at the Mayerson Clinic, and to Clermont County Children's Protective Services, are inadmissible for the reason that the interviews were conducted for the sole purpose of trial preparation. It is the defendant's contention that these interviews are testimonial in nature and are inadmissible under *State v. Siler*, 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, and *Crawford v. Washington* (2004), 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. The state argues in response to the defendant's contention that the statements made by the alleged victims were made for purposes of medical diagnosis or treatment under Evid.R. 803(4) and, therefore, do not violate the Confrontation Clause.

{¶ 53} "The Confrontation Clause provides a constitutional safeguard to ensure that a criminal defendant will not be convicted of a crime based on the charges of unseen, unknown, and unchallengeable witnesses." *State v. Goza*, Cuyahoga App. No. 89032, 2007-Ohio-6837, 2007 WL 4442742, ¶ 35, citing *Lee v. Illinois* (1986), 476 U.S. 530, 540, 106 S.Ct. 2056, 90 L.Ed.2d 514, and *State v. Gilliam* (1994), 70 Ohio St.3d 17, 19, 635 N.E.2d 1242. In *Crawford*, the United States Supreme Court held that statements made out-of-court that are testimonial in nature are barred by the Confrontation Clause, unless the witness is available to testify or the defendant had an opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. Therefore, in order to rule on the defendant's motion, the court must answer the threshold question of whether the statements made by the alleged victims to Ms. Freihofer were testimonial.

{¶ 54} "For Confrontation Clause purposes, a testimonial statement includes one made 'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, paragraph one of the syllabus, quoting *Crawford v. Washington*, 541 U.S. at 52, 124 S.Ct. 1354, 158 L.Ed.2d 177. "In determining whether a statement is testimonial for Confrontation Clause purposes, courts should focus on the expectation of the declarant at the time of making the statement; the intent of the questioner is relevant only if it could affect a reasonable declarant's expectations." Id. at paragraph two of the syllabus.

{¶ 55} The defendant argues that, pursuant to *State v. Siler*, 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, the court should apply the primary-purpose test

to determine whether the alleged victims' statements were made for the purpose of enabling the police to respond to an ongoing emergency. In *Siler*, Detective Larry Martin, a trained child interviewer, arrived at the scene of a potential murder wearing plain clothes. Detective Martin began questioning Nathan, the three-year-old child of the victim. Detective Martin was then called to testify at the trial about Nathan's statements. The trial court admitted the testimony. The Supreme Court then determined that in cases where a child declarant makes a statement to the police or those determined to be police agents, the primary-purpose test applies. *Siler*, 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, ¶ 29–30. It becomes the duty of the court to determine whether the statements were made for the primary purpose of enabling the police to respond to an ongoing medical emergency. If so, then the statements are nontestimonial and are admissible. If the court determines that they were not for this purpose, then they are testimonial statements and are inadmissible.

{¶ 56} The *Siler* court went on to state, "Our conclusions in this case regarding a police interrogation of a child do not affect our decision in *Stahl*, which applied the objective-witness test to determine whether a declarant had made testimonial statements during an interview conducted by a nurse at a DOVE unit [a unit specializing in care for victims of rape and domestic violence] for purposes other than to investigate a past crime." Id., 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, at ¶ 42. Since the children in the current case made statements to Ms. Freihofer, a licensed social worker with the Mayerson Clinic, who is not a police officer or a police agent, the court finds that the primary-purpose test from *Siler* is inapplicable to this case. Rather, the appropriate test to apply under these facts is the objective-witness test set forth in *Stahl*.

{¶ 57} As previously stated, the objective-witness test under *Stahl* provides that a testimonial statement is one made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at trial. Ohio courts have held that the relevant inquiry in cases such as this is not competency or reliability, but is instead whether an objective witness would have believed they were making the statements for the purposes of medical diagnosis or treatment, and not for use at trial. *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944. Courts in Ohio have held that statements by a victim of sexual assault to a nurse practitioner were nontestimonial, even when the nurse worked in a specialized medical facility for sexual-assault victims and when the facility helped gather evidence for criminal prosecution. *State v. Sheppard*, 164 Ohio App.3d 372, 2005-Ohio-6065, 842 N.E.2d 561; *In re D.L.*, Cuyahoga App. No. 84643, 2005-Ohio-2320, 2005 WL 1119809; *Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834.

{¶ 58} The following factors are important in determining the purpose of the child's statements: (1) whether the questioning was leading or suggestive, (2) whether there was motive to fabricate, such as an underlying legal battle, and (3) whether the child understood the need to tell the truth. *Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, at ¶ 49. Additionally, the court may be guided by the child's age, which could suggest the absence or presence of an ability to fabricate. Id. Further, the court may consider the consistency of the declarations. Id. Finally, the court should be aware of the manner in which the interviewer elicited or pursued a disclosure, as compared to evidence of the proper protocol for interviewing children who allege sexual abuse. Id.

{¶ 59} The court will now consider the evidence in light of these factors. The court finds no evidence that Ms. Freihofer asked leading or suggestive questions. Rather, at least in the interview with S.B., the alleged victim dominated the conversation and Ms. Freihofer asked only clarifying questions. Ms. Freihofer, in her interview with E.M., merely asked the alleged victim to explain why she was there. At no point during this interview did the questions become leading or suggestive. Further, the court finds no motive to fabricate the stories in this case since, at all times relevant to this case, the alleged victims indicate that they and their grandfather had a loving and trusting relationship. There is no indication of any other family conflict that would lead the children to fabricate their stories. Additionally, the court finds that the children understood the need to tell the truth. The alleged victims are now at an age where they realize what happened to them and the severity of the charges against their grandfather. While the court notes that both children are now at an age where they have the ability to fabricate, the court finds no indication in the record that either did so. The evidence indicates that the children's stories remained consistent throughout the interview and that Ms. Freihofer's questions in no way changed the allegations of the alleged victims. The court would also like to note that there is no evidence in either case that their parents or other family members coached the children.

{¶ 60} The court further finds that both children knew they were in a medical setting at the time the interviews were conducted. Ms. Freihofer testified that her duties as a social worker who conducts forensic interviews on a regular basis include determining whether victims of sexual abuse need medical care or psychological treatment. She admitted that the videotapes of the interviews would be turned over to the police; however, she testified that the interviews were not for the purpose of assessing a potential criminal prosecution. Although law enforcement reviews the videotapes provided by the Mayerson Clinic, those officers do not control the interview process, nor do they provide the questions asked. There is no indication that Ms. Freihofer informed the victims of any

purpose for the interview that would lead an objective witness in the victims' shoes to believe that the interviews would be used at trial. The court would note, without going into detail, that Ms. Freihofer questioned the children about their bodies and informed them that a medical doctor was on staff to examine them. The court finds that this questioning served the purpose of allowing Ms. Freihofer to make a medical diagnosis and an objective witness would have believed this to be the purpose of their statements.

{¶ 61} The defendant argues that because the police referred the family to the Mayerson Clinic, the interview was investigatory in nature. However, once the children arrived at the Mayerson Clinic at Cincinnati Children's Hospital, the police were no longer involved in the evaluations. They simply received a copy of the taped interviews once they were completed. The police in no way influenced the conversation between Ms. Freihofer and the children, nor did the children know that the interview tapes would be turned over to the police. Therefore, the court finds that an objective witness making these statements would make them for purposes of medical diagnosis or treatment, not for trial preparation.

{¶ 62} The First District Court of Appeals has decided a case involving the same agency at issue in this case. In *State v. Walker,* the First District Court of Appeals found that the Mayerson Clinic is a child-advocacy center that has representatives from various agencies, including medical staff from Children's Hospital, the Cincinnati Police, a social worker, and a victim's advocate from the Hamilton County Prosecutor's Office. The court determined that the Mayerson Clinic has one representative who interviews the child to meet the needs of each discipline rather than have the child sit through an interview with each agency. The medical staff, in order to diagnose or treat the child, may use the information obtained during the interviews. *State v. Walker,* Hamilton App. No. C–060910, 2007-Ohio-6337, 2007 WL 4208710, ¶ 38. The *Walker* court then found that the statements made by the alleged victim to the social worker at the Mayerson Clinic were for purposes of medical diagnosis or treatment; therefore, the court admitted the statements.

{¶ 63} The court notes that the Eleventh District Court of Appeals has refused to admit a child's out-of-court statements to a medical professional at a similar facility since employees at these facilities are manufactured witnesses for the state who serve the primary function of collecting evidence. *State v. Butcher,* 170 Ohio App.3d 52, 2007-Ohio-118, 866 N.E.2d 13, ¶ 66. This court disagrees with that assessment and adopts the findings of both the *Walker* and the *Edinger* courts.

{¶ 64} The *Edinger* court determined that a similar clinic was part of Children's Hospital and was not managed by any state agency. *State v. Edinger,* Franklin App. No. 05AP-31, 2006-Ohio-1527, 2006 WL 827412, at ¶ 78. Further,

all documents completed by the social worker were on forms provided by Children's Hospital and all employees of the clinic were employees of the hospital. Id. In the current case, Ms. Freihofer testified that the Mayerson Clinic is located within Cincinnati Children's Hospital. Further, there is no evidence that the Mayerson Clinic is operated by any state agency, and all forms completed by Ms. Freihofer were provided by Cincinnati Children's Hospital. This would lead an objective witness in this case to believe that they were making statements to medical personnel for purposes of medical diagnosis or treatment, and not for purposes of trial preparation. Therefore, the court finds that the reasoning of the court in *Edinger*, rather than in *Butcher*, is applicable to this case.

{¶ 65} Based upon the foregoing, the court finds that an objective witness in these circumstances would have believed that they were making the statements to Ms. Freihofer for purposes of medical diagnosis or treatment, not for use at any future court proceeding. Therefore, the court finds that the statements are nontestimonial and *Crawford* does not apply.

{¶ 66} Moreover, Ohio courts have held that " 'where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law * * * as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.' " *Goza*, 2007-Ohio-6837, 2007 WL 4442742, at ¶ 35, quoting *Crawford*, 541 U.S. at 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. Therefore, in Ohio, *Crawford* does not apply to hearsay statements subject to a hearsay exception. *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, at ¶ 63–64; *Goza*, citing *State v. Banks*, Franklin App. No. 03AP–1286, 2004-Ohio-6522, 2004 WL 2809070. See also *People v. Cage* (2007), 40 Cal.4th 965, 989 and 991, 56 Cal.Rptr.3d 789, 155 P.3d 205.

{¶ 67} The Ohio Rules of Evidence provide that hearsay is not admissible unless provided for by the Constitutions of the United States and the state of Ohio, by statute not in conflict with a rule of the Supreme Court of Ohio, by the rules of evidence, or by other rules prescribed by the Supreme Court. Evid.R. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). One exception provided for by the Rules of Evidence includes statements made for purposes of medical diagnosis or treatment. The rules provide that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are an exception to the hearsay rule and are admissible. Evid.R. 803(4).

{¶ 68} Ohio courts have determined that statements made by a child that identify the perpetrator of sexual abuse may be pertinent to diagnosis and treatment since they assist medical personnel in treating actual injury and assessing the emotional and psychological well-being of the child. *State v. Vance*, Franklin App. No. 06AP–1016, 2007-Ohio-4407, 2007 WL 2421822, ¶ 70. Further, Evid.R. 803(4) has been extended to include a patient's statements made to a physician consulted for the purpose of enabling the doctor to testify and even when no treatment is contemplated. Staff Note to Evid.R. 803(4). *Edinger*, 2006-Ohio-1527, 2006 WL 827412, ¶ 55, citing *Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220. Additionally, "statements given to persons other than a treating physician or nurse, such as a social worker, are admissible under Evid.R. 803(4) as statements made for the purpose of medical diagnosis and treatment." *State v. Walker*, 2007-Ohio-6337, 2007 WL 4208710, at ¶ 37. See also *Vance*, 2007-Ohio-4407, 2007 WL 2421822, at ¶ 70; *Edinger*, supra, at ¶ 56.

{¶ 69} Pursuant to the court's discussion involving the *Crawford* issue, the court finds that the statements of the victims would be admissible under Evid.R. 803(4) as statements made for the purpose of medical diagnosis or treatment. Therefore, as in *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944; *Goza*, 2007-Ohio-6837, 2007 WL 4442742; and *Banks*, 2004-Ohio-6522, 2004 WL 2809070, the court finds that *Crawford* would not apply to hearsay statements subject to this particular hearsay exception.

{¶ 70} The court further notes that competency is not an issue under Evid.R. 601 when the child's statements are admissible as an exception to the hearsay rule pursuant to Evid.R. 803(4). *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, citing *Ferrell v. Ferrell* (Mar. 14, 1986), Huron App. No. H–84–39, 1986 WL 3252, at 3. See also *Goza*, 2007-Ohio-6837, 2007 WL 4442742, at ¶ 44; *Edinger*, supra, at ¶ 67. Therefore, the children's statements to Ms. Freihofer are admissible despite the fact that the court has not made a determination as to their competency.

{¶ 71} Based upon the foregoing, the court finds that an objectively reasonable person would believe that the purpose of their statements was for medical and psychological diagnosis or treatment, and not for use in court. The court therefore finds that the statements are nontestimonial in nature and *Crawford* is inapplicable. Further, the statements satisfy the hearsay exception for medical diagnosis or treatment and are admissible against the defendant. Consequently, the defendant's motion in limine is hereby denied.

## CONCLUSION

{¶ 72} Based upon the foregoing analysis, and the competent, credible evidence before the court, the court grants the state's motion to consolidate the two

indictments in case Nos. 2007 CR 0327 and 2007 CR 0417. Further, the court denies the defendant's motion to sever the nine counts of the indictment in case No. 2007 CR 0327. Additionally, the court denies the defendant's motion for a more specific bill of particulars. Further, the court denies the defendant's motion in limine pertaining to other-acts evidence, as well as the defendant's motion to compel.

{¶ 73} The court finds that the defendant's motion in limine relating to the expert testimony as to the veracity of the witnesses is well taken and is therefore granted. The expert may, however, offer facts that tend to support the witnesses statements should the witnesses' testify.

{¶ 74} Finally, pursuant to the foregoing analysis, the defendant's motion in limine based upon the use of statements made during interviews for trial preparation purposes is denied.

{¶ 75} It is ordered that this decision shall serve as the judgment entry in this matter.

So ordered.